**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Leroy KNOCKUM,
Defendant–Appellant.**

No. 88–4322.

United States Court of Appeals,
Ninth Circuit.

Submitted June 29, 1989 *.

Decided Aug. 3, 1989.

Leroy Knockum, Phoenix, Ariz., pro se.

Portia R. Moore, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before FARRIS, NOONAN and LEAVY, Circuit Judges.

NOONAN, Circuit Judge:

Leroy Knockum brings suit under the federal habeas corpus statute, 28 U.S.C. § 2255, seeking vacation of his plea of guilty to a violation of RICO, 18 U.S.C. § 1962(c). The district court denied his petition. We affirm.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

## BACKGROUND

On October 23, 1986 Knockum entered a plea of guilty to a one count information charging him with racketeering in violation of 18 U.S.C. § 1962(c). The court fully informed him of all his rights, determined that he was competent to plead and was doing so voluntarily and heard the government's unchallenged proffer of the evidence that it would produce to show Knockum guilty of the predicate acts of arson and mail fraud charged in the information. The court told Knockum that it could sentence him to the maximum of 20 years, a fine of $25,000 and a forfeiture of all the property derived from the illegal activities. Satisfied that Knockum understood what might be in store for him, the court accepted his plea agreement.

The plea agreement itself was a four-page document, dated October 7, 1986, and executed both by Knockum and his attorney as well as by attorneys for the government. Knockum agreed to cooperate fully with federal prosecutors concerning the crimes and activities of the RICO enterprise of which he had knowledge. He agreed that if he failed to do so or if he flunked any relevant polygraph test the plea agreement was null and void. In return for Knockum's cooperation the government agreed it would inform the trial court, the Bureau of Prisons, and the United States Parole Commission of the extent of his cooperation. The government also agreed "to support a request by the defense that the court recommend that the defendant serve any imprisonment at an appropriate federal facility in the state of California."

Subsequently the government filed a sentencing memorandum in which it stated that Knockum had not cooperated with law enforcement officers beyond confirming what they already knew; that he had flunked a polygraph test administered to him; and that he had refused to identify persons involved in different insurance fraud schemes he had conducted. The government drew further attention to Knockum's treatment of seven women recruited by him for his fraudulent schemes whom he had beaten, sexually assaulted, or raped. The government declared that there were "absolutely no mitigating factors in this case and numerous aggravating factors. In fact nothing positive can be said in Knockum's behalf." The government recommended the maximum term of imprisonment and said nothing as to where.

On February 27, 1987 at the sentencing hearing, Knockum's counsel noted that the information had charged Knockum with transporting seven women across state lines for purposes of prostitution and that Knockum had contested these allegations. Counsel asked the court to excise reference to those allegations from the probation report as well as two other references in the probation report to details of one of the mail frauds charged. The court responded:

All right. The Court is not going to consider the contested portions of the presentence investigation or the Government's submittal, but I am also not going to order any portions of the presentence investigation be excised.

My remarks in this regard will be transcribed by the court reporter, and I'll ask Mr. Washington to make certain that they are attached to the presentence investigation before it is forwarded to the Bureau of Prisons.

The court sentenced Knockum to the maximum of 20 years and ordered the forfeiture of all the property he had acquired from illegally obtained funds.

At sentencing, the following exchange also took place:

*Court:* Anything further?

*Defense Counsel:* Your honor, I had made a recommendation for placement in my memorandum.

*Court:* I am going to leave it up to the Bureau of Prisons, Mr. Kanev, and I'm sure the Bureau of Prisons will try to accommodate Mr. Knockum's desire to be near his mother. But on the other hand, there are a lot of other considerations to be taken into account, not less of which are the incident reports that are set forth in the presentence investigation. And I think it's important that the

Bureau of Prisons keep in mind the protection of other inmates.

Government counsel said nothing.

In December 1987 Knockum brought this action to vacate his plea of guilty and the subsequent sentence and judgment. He alleged that the court had failed to comply with Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure because the court had failed to attach to the presentence report its determination not to rely on statements in the report that he contested. He also alleged that the government had not complied with the plea agreement because of the distorted information as to his cooperation and had not supported his request for placement in a California prison. He further alleged that at the time he pleaded guilty he did not understand what a RICO charge was. Finally he asserted there had been an insufficient factual basis to support his plea.

On August 22, 1988, John L. Weinberg, United States Magistrate, recommended that no evidentiary hearing be held and that the motion be denied. The magistrate's report took the position that, whether or not the transcript of the sentencing hearing was attached to the presentence report, the issue was not cognizable in a habeas proceeding. On October 13, 1988, in accordance with the magistrate's report and recommendation, the district court denied the motion. This appeal followed.

## ANALYSIS

■ The district court's ruling is clear: it is not relying on the contested portions of the presentence report. The first sentence of Fed.R.Crim.P. 32(c)(3)(D) was complied with. It is, however, not clear whether the court's ruling, reduced to written form in the transcript, was attached to the presentence report as the second sentence of the rule commands.

The circuits are divided as to whether federal habeas corpus lies to correct an alleged violation of the requirement that a written record of the court's determination on contested presentence material accompany the presentence report. *Compare*

*United States v. Gattas*, 862 F.2d 1432, 1433 (10th Cir.1988) and *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987) (habeas available) *with United States v. Velez–Rendon*, 845 F.2d 304 (11th Cir. 1988) (habeas not available).

It is old and established law that habeas corpus under the federal statute is not available for every error committed by a trial court. The writ is not available if:

> [i]t is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent."

*Bowen v. Johnston*, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939). *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

Of the kind of error *Hill* recognizes as cognizable under a writ of habeas corpus it might be contended that failure to comply with the second sentence of Rule 32(c)(3)(D) does present "exceptional circumstances where the need for the remedy afforded by the rule of habeas corpus is apparent." *Id.* The reason is that the presentence report has a substantial effect on the treatment of a prisoner by the Bureau of Prisons and the United States Parole Commission. *See Gattas*, 862 F.2d at 1433; *Poor Thunder*, 810 F.2d at 824.

There is, however, a ready remedy for failure of the district court—if there was such a failure—to attach the transcript of the sentencing hearing to the presentence report. That remedy is provided by Fed.R. Crim.P. 36, which provides that clerical mistakes in judgments, orders or other parts of the record "may be corrected by the court at any time." With such a remedy available, there is no occasion to permit the writ of habeas corpus to be invoked. The circumstances are not exceptional; there is not a complete miscarriage of justice.

As to Knockum's contention that the plea agreement was violated by the government, the government argues that its silence at this point in the sentencing was tantamount to support (given its objections to other requests of the defendant), and that the judge's comments would have made any statement of support superfluous. Knockum argues that the "government will be held to the literal terms of the [plea] agreement." *United States v. Packwood,* 848 F.2d 1009, 1012 (9th Cir.1988) (citing *United States v. Read,* 778 F.2d 1437, 1441 (9th Cir.1985), *cert. denied,* 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986)). This court has also stated that plea agreements are "contractual in nature and must be measured by contract law standards." *United States v. Sutton,* 794 F.2d 1415, 1423 (9th Cir.1986) (plea bargain terms interpreted according to objective standard). It was not plainly erroneous for the district court to find as fact that, in context, the government's silence was support. The court was familiar with the plea agreement. The prosecutor's explicit endorsement of Knockum's request would have had little, if any, effect on the sentencing judge, who had already stated the consideration moving him.

Knockum's other contentions have little merit. The essential elements of the crime were summarized by the government at the plea hearing. The trial court clearly explained the consequences of the plea. The government made a convincing proffer of evidence.

We direct the district court, if it has not already done so, to forward a transcript of the sentencing hearing to the Bureau of Prisons to be attached to the presentence report on Knockum. As thus modified, the district court's judgment is

AFFIRMED.