UNITED STATES of America,
Plaintiff–Appellee,

v.

Paul ROBERSON, Defendant–Appellant.

No. 89–10049.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 15, 1989.

Decided Feb. 14, 1990.

Michael H. Murray, Livermore, Cal., for defendant-appellant.

Robert Dondero, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before ALDISERT *, TANG and SKOPIL, Circuit Judges.

ALDISERT, Circuit Judge:

This appeal requires us to decide whether a defendant may properly appeal an alleged violation of Fed.R.Crim.P. 32 (factual inaccuracy in a presentence investigation report) after the limitations period for appeal has run by raising the claim in a timely filed Fed.R.Crim.P. 35 motion (correction of illegal sentence). We hold that, while ordinarily a Rule 32 matter cannot be subsumed in a Rule 35 motion, the unique circumstances presented here persuade us that the Rule 32 contention is inextricably intertwined with the illegality alleged under Rule 35 and is thus within our purview.

* Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

Concluding that the matter is properly before us, we will affirm.

Jurisdiction was proper in the trial court based on alleged violations of 18 U.S.C. § 1341 and motions pursuant to Fed.R. Crim.P. 32(c)(3)(D) and 35. Jurisdiction on appeal is proper based on 28 U.S.C. § 1291. Appeal was timely filed under Fed.R. App.P. 4(b).

## I.

The appellant Paul Roberson was charged with violations of 18 U.S.C. § 1341 (Mail Fraud). Various trial dates were set with the final date set for May 9, 1988. During April of 1988, after conferring with newly appointed counsel and reviewing discovery provided by the government, Roberson elected to enter into a negotiated disposition wherein he would plead guilty to three of the nine counts against him in exchange for certain recommendations and dismissal of the remaining counts. In the final week of April, he so advised the court and the government. The government then released the 50–60 witnesses it had subpoenaed for the May 9, 1988 trial. The week before his guilty plea was to be entered, however, Roberson had another change of mind: He decided to plead not guilty. Defense counsel so informed the government and the court.

On June 17, 1988, Roberson had still another change: He entered an *Alford* plea of guilty to Counts 1, 4, and 8 pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). *Alford* allows a defendant to enter a plea as a result of plea bargaining without admitting guilt. Pursuant to the plea bargain agreement, the government recommended a sentence of five years imprisonment with a consecutive five year suspended sentence and five years probation. Full restitution was also to be provided.

The court sentenced the appellant on September 1, 1988: on Count 1 to five years imprisonment; on Count 4 to five years imprisonment consecutively to Count 1; on Count 8, the court sentenced the appellant to a suspended five year sentence with five years probation, consecutive to Counts 1 and 4. The court also awarded full restitution. At sentencing, the appellant's attorney challenged the amount of fraudulent loss sustained by the insurance companies contained in the presentence report. Appellant's E.R. at 29–30. Neither Roberson nor his counsel, however, proffered evidence to challenge the amount of fraudulent losses. The sentencing judge viewed the amount challenged as an upper limit to the liability of the appellant and phrased the amount as "up to at least $250,000." Brief for appellee at 7; RT (9–1–88, 23).

On December 30, 1988, the appellant made a motion to correct his sentence under Fed.R.Crim.P. 35(b), contending that factual inaccuracies existed in the pre-sentence investigation report (PSI). Specifically, he claimed that the aggregate economic loss total reflected in the PSI "was a simple total of the amounts of every insurance claim in which appellant had been involved prior to the issuance of the indictment and that it far exceeded the amount of allegedly false or exaggerated claims." Appellant's opening brief at 8. The government opposed appellant's request for modification, writing that "[w]ith a course of conduct covering several years and numerous acts of fraud that have a consequence of the judicial process itself [sic], a sentence of ten years is not unreasonable." *See* Appellant's E.R. at 34; Government's Response to Defendant's Motion Under Rule 32 and 35, p. 2. On January 20, 1989, the court denied any modification with a written order. On January 17, 1989, the appellant filed this appeal.

## II.

Roberson argues that his case should be remanded for resentencing on the basis that (1) the district court violated Fed.R. Crim.P. 32 by failing to make a finding or to state that it would not consider certain disputed information in the presentence report, (2) his case should be remanded for resentencing or for reconsideration of his motion to modify his sentence on the basis that the government breached the plea agreement and (3) these proceedings should

be remanded for resentencing before a different judge.

It is important to note that this is a pre-guidelines case. See Brief for appellee at 7. Roberson relies upon the former text of Fed.R.Crim.P. 32 and 35 (set out in discussion below) in this appeal, which govern procedures relating to offenses committed prior to November 1, 1987. The last crime with which Roberson was charged in the superseding indictment was committed on or about February 13, 1987. Appellee's E.R. at 7; Superseding Indictment of 4–15–88 at 8.

The legality of a criminal sentence is reviewed *de novo*. *United States v. Pomazi*, 851 F.2d 244, 247 (9th Cir.1988). The sentence itself is reviewed for abuse of discretion. *United States v. Ibarra*, 737 F.2d 825, 826–27 (9th Cir.1984) (citations omitted).

### III.

■ Roberson was first sentenced and judgment entered on September 1, 1988. No appeal was taken by him from the court's sentencing order within the ten days required by Fed.R.App.P. 4(b). Without challenging the Rule 32 proceeding in a direct criminal appeal to us, Roberson instead sought relief in the district court. He sought modification of the sentence under Rule 35, contending that the sentence was illegal. Rule 35 provides:

> **(a) Correction of a Sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
>
> **(b) Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal. . . .

In its order denying Rule 35 relief the district court concluded that the sentence imposed more than two months previously would not be changed. This appeal was then filed on January 27, 1989.

### A.

Fed.R.App.P. 4(b) mandates that in a criminal case a defendant appeal within ten days after the entry of a judgment or order. Occasionally, an appeal outside the ten day period, but within the thirty day extension period allowed by Rule 4(b) is permitted, but this occurs only where the appellant is able to establish excusable neglect. *United States v. Mortensen*, 860 F.2d 948, 949 (9th Cir.1988), *cert. denied*, — U.S. ——, 109 S.Ct. 1935, 104 L.Ed.2d 406 (1989). Therefore, under normal circumstances, an appellant must file an appeal based on matters asserted in a Fed.R. Crim.P. 32 motion within this time period.

The government argues, therefore, that we cannot consider the Rule 32 matter here in an appeal from a denial of Rule 35 relief. Roberson responds, however, that he is not seeking review of the September 1988 sentencing order under Rule 32, but rather review of the district court's order denying his Rule 35 motion, which was entered on January 10, 1989. Rule 35(a) provides that a sentence imposed in an illegal manner may be corrected within the 120 day time period provided in Rule 35(b).

### B.

We now turn to Roberson's illegal sentence contention and the government's jurisdiction argument. Our inquiry here is two-fold. First, we must determine whether the factual predicate of Roberson's Rule 35 contention is separate and apart from the Rule 32 matter or is substantially mixed, if not fused, with it. Second, if we conclude that an intertwined relationship does exist, we must decide if the sentence imposed fell within the discretion of the court.

### C.

We have no difficulty in determining that the factual predicate of the Rule 35 contention is anchored in what took place at sentencing upon the receipt of the pre-sen-

tence report. The only basis for Roberson's illegal sentence contention is that the court failed to follow the Rule 32 procedure. The admixture or intermingling of sentencing procedure with the Rule 35 motion here is total. This being so, we reject the government's contention and will proceed into the merits of Roberson's arguments. *See United States v. Salas*, 824 F.2d 751 (1987) (reviewing an alleged Rule 32 violation in an appeal of Rule 35 denial when the issue of its propriety was not raised by the government).

### IV.

■ Roberson argues that the district court violated Fed.R.Crim.P. 32 by failing to either make a finding as to controverted factual matters or to state that it would not consider certain disputed information in the presentence report.

Fed.R.Crim.P. 32 provides in pertinent part:

> (D) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

Fed.R.Crim.P. 32(c)(3)(D). Thus, Rule 32(c)(3)(D) imposes certain requirements upon the defendant and the sentencing judge. A first requirement is that where factual inaccuracy is alleged, the defendant has the burden of introducing, or at least proffering, evidence to show the inaccuracy. If the defendant so goes forward, the court is required either to make a finding and resolve controverted evidence or to declare that no such finding is necessary because the controverted matter will not be

taken into consideration in sentencing. *United States v. Edwards*, 800 F.2d 878, 881 (9th Cir.1986); *United States v. Stewart*, 770 F.2d 825, 832 (9th Cir.1985), *cert. denied*, 474 U.S. 1103, 106 S.Ct. 888, 88 L.Ed.2d 922 (1986). Where findings are required, it is necessary to append a written record of such findings to the presentence report. *See United States v. Petitto*, 767 F.2d 607, 610 (9th Cir.1985).

Roberson's contention that the district court did not follow the procedure does not survive scrutiny in the record. He failed to proffer or to present either at sentencing or before the court in the Rule 35 motion a factual scenario at odds with that set forth in the pre-sentence report. Because a factual issue was not joined, it was not necessary for the court to make either a finding of fact or to issue a statement that it was not relying on "the matter controverted."

A defendant challenging information used in sentencing must show such information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence. *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986) (relying on *Ibarra*, 737 F.2d at 827 (citing *Farrow v. United States*, 580 F.2d 1339, 1359 (9th Cir.1978) (en banc))). However, at no time did Roberson contravene the facts set forth in the presentence report. He had an opportunity to do so at sentencing, but elected not to do so. The court offered him more time to review the probation report, but the offer was declined. Instead of offering evidence or facts rebutting the challenged statements in the report, the defendant said: "I have eternalized all the glaring mistakes, and would like to proceed." Appellee's E.R. at 50. A defendant cannot have it both ways: He or she cannot say that there are mistakes and then stand mute without showing why they are mistakes. To trigger the court's responsibility under Rule 32(c)(3)(D), the defendant must offer evidence to refute the matter called into dispute. This Roberson failed to do, and this failure is fatal to his contention that the sentence was illegal. Accordingly, we conclude that the district court did not abuse its discretion in pronouncing the sentence.

## V.

 Roberson seeks resentencing also because he contends that the government breached the plea agreement when it responded to the Rule 35 application. In the plea agreement, the government agreed to recommend five years incarceration and five years of probation consecutively on the counts to which Roberson pled guilty. At the time the plea was taken and at sentencing, the government scrupulously lived up to its bargain. At the Rule 35 hearing, however, the government lawyer stated that "a sentence of ten years is not unreasonable." Appellant's E.R. at 34. On the basis of this statement, the appellant contends that the government breached the plea agreement.

We do not consider this statement to be a breach of the plea agreement. It was but one isolated comment in an extensive response to Roberson's contention that the sentence was illegal. In examining the argument as a whole we conclude that the government was merely defending the legality of the sentence. Perhaps it would have been preferable for government counsel to have described the sentence as "legal" instead of saying that it was "not unreasonable," but this one phrase did not vitiate the bargain. Fidelity to a plea bargain is measured by total conduct that manifests the spirit and intention of the parties; it is not measured by quibbling over an isolated fragment of the government's presentation. The government did not renege either at the time the plea was accepted or at sentencing. Under these circumstances we are persuaded that no breach of the plea agreement took place.

## VI.

We have carefully considered all contentions presented by the appellant. We conclude that there was no error, that the proceedings not be remanded and that the judgment of the district court is

AFFIRMED.