UNITED STATES of America,
Plaintiff–Appellee,

v.

Paul ROBERSON, Defendant–Appellant.

No. 89–10049.

United States Court of Appeals,
Ninth Circuit.

Oct. 23, 1990.

Before ALDISERT *, TANG and SKOPIL, Circuit Judges.

* Ruggero J. Aldisert, Senior United States Circuit Judge, United States Court of Appeals for the

## ORDER

After review of appellant's petition for rehearing, we have decided to reconsider our decision in this case. Accordingly, the petition for rehearing is granted. Upon reconsideration, we affirm the district court's denial of Fed.R.Crim.P. 35 relief, but remand for compliance with the technical requirements of Fed.R.Crim.P. 32. Our prior opinion, *United States v. Roberson*, 896 F.2d 388 (9th Cir.1990), is amended by deleting parts IV and VI and substituting the following language:

## IV.

Roberson argues that the district court violated Rule 32 by failing either to make a finding as to controverted factual matters or to state that it would not consider certain disputed information in the presentence report. The text of former Rule 32 provides in relevant part that:

> (D) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

Fed.R.Crim.P. 32(c)(3)(D).

We recently declared that district courts must strictly comply with the provisions of Rule 32. *United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). In light of that directive, we agree that Roberson's counsel's comments at sentencing constitute an allegation of a "factual inaccuracy in the presentence investigation report" that required the district court

Third Circuit, sitting by designation.

to make "a finding as to the allegation" as directed by Rule 32. Our task then turns to determining whether the district court made the required finding.

The record indicates that after hearing argument by defense counsel and statements by Roberson, the district judge noted that he had "spent much more time attempting to evaluate this case than any sentencing in my recent history." Transcript of Sentencing (September 22, 1988) at p. 21. The judge then declared that Roberson had "obtained in excess of $250,000 illegally from various insurance companies", and that Roberson "obtained more than $250,000 in settlement funds in more than fifty claims, or approximately fifty claims would be more accurate, in which he participated." *Id.* at 21–22.

Roberson's sole challenge to the presentence investigation report was the dollar amount that he had illegally obtained. We are satisfied that the district court's statements as to the $250,000 amount were sufficient findings as required by Rule 32. Rule 32 also requires, however, that the court's findings be appended to and accompany the presentence investigation report. The record before us does not indicate whether the district court appended a transcribed copy of its oral findings to the report. *Fernandez–Angulo* instructs us that such a technical violation of Rule 32 is a ministerial error not requiring resentencing. *Fernandez–Angulo,* 897 F.2d at 1517. The appropriate remedy is a limited remand to the district court with instructions that the court append a transcript of its proceedings to the presentence investigation report. *Id.*

The dissent has raised the spectre of a flood of new work for the district courts due to our retroactive application of the *Fernandez–Angulo* ruling and the abundance of time on prisoners' hands. We are mindful of the already large burden of work the district courts shoulder. However, the fear of a flood may be overblown. The failure of the district court to append its findings to the presentence report is a mere clerical mistake and insufficient to warrant habeas corpus relief. *See id.;*

*United States v. Knockum,* 881 F.2d 730, 732 (9th Cir.1989). Federal Rule of Criminal Procedure 36 provides that clerical mistakes can be corrected at any time. *Id.* Our decision should have little overall impact on the workload of the district courts.

. . . .

## VI.

We have carefully considered all contentions presented by the appellant. We affirm the district court's denial of appellant's Rule 35 motion. We remand to allow the district court to comply with the technical requirements of Rule 32 by ordering, if it has not already done so, that a copy of a transcript of its oral findings be appended to the presentence report.

AFFIRMED IN PART, REMANDED IN PART.

ALDISERT, Senior Circuit Judge, dissenting:

I adhere to Part IV of the opinion as originally filed and reported, *see United States v. Roberson,* 896 F.2d 388, 391 (9th Cir.1990), but I am willing to accept the discussion in the revised Part IV as an alternative basis for reaching the same result. I disagree, however, with the remand to the district court so "that a copy of a transcript of its oral findings be appended to the presentence report." This is a pedanticism required neither by procedural rule nor case law.

## I.

The majority sua sponte are requiring the district court to bade fealty to what they consider a ukase located in *United States v. Fernandez–Angulo,* 897 F.2d 1514 (9th Cir.1990) (en banc), and the language of Rule 32 as it existed prior to November 1, 1987. I think that the majority misunderstand the spirit and the letter of what is relevant here; that they misinterpret the spirit of what was said by this court in *Fernandez–Angulo* (which, incidentally, interpreted the *present* version of Rule 32 and not the former version applica-

ble here); and that they also misconstrue the letter of the former version.

## II.

I dissent from the remand requirement for three discrete reasons: (1) By its terms, Rule 32 requires the court's finding to be appended only to certain copies of the presentence report and not to *all* copies; (2) because the question of appending a copy of the finding to the presentence report was not raised at the district court level, we may not notice the issue unless the district court's failure to do so constitutes "plain error," and under ruling case law of this court the failure to append is not such a gross dereliction as to constitute "plain error"; and (3) if we considered the scenario here to come within a sort of edict laid down in *Fernandez–Angulo* and if we overcome the hurdle of "plain error," the staple-the-document requirement should not be afforded retroactive effect.

## III.

Our starting point is the applicable version of Rule 32(c)(3)(D), F.R.Cr.P. in effect prior to November 1, 1987:

A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

The language of *Fernandez–Angulo* must conjoin the language of the Rule. No interpretation of a rule's words may rise higher than its source. Thus, to grasp the full meaning of the *Fernandez–Angulo* critical passage requires that we fill an ellipsis by fleshing out the statement with critical portions of the Rule it seeks to enforce. Thus, I read that case to say: "The technical error [of not appending to the copy made available to the Bureau of Prisons] must ... be corrected by ordering the district court to append to the [copy of the] presentence report [thereafter made available to the Bureau of Prisons] the

required findings or determinations." 897 F.2d at 1517.

This is the *only* proper meaning that can be gleaned from *Fernandez–Angulo* because the above quoted passage was anchored in what it described as "what the Rule requires." *Id.* Thus, the majority here are absolutely wrong when they state that "Rule 32 also requires, however, that the court's findings be appended to and accompany the presentence investigation reports." Rule 32 requires the appending or affixing only to "any copy of the presentence investigation report thereafter made available to the Bureau of Prisons...."

The brute fact here is that there is no copy of Roberson's presentence report that *thereafter* will be made available to the Bureau of Prisons. Roberson was placed in the custody of the Bureau two years ago. It should be safe to suggest that the Roberson presentence report was sent to the Bureau and, ostensibly, to the Parole Commission at that time. Because the relevant copy of the presentence report here is long gone from the court's custody, I am at a loss to understand what the district court is expected to do on remand, keeping in mind the Rule's language that the finding be "appended to and accompany any copy *thereafter* made available." Clearly, in *ipsissimis verbis* the Rule does not require the judge to append the finding to any copy *previously* made available and then to return the conjugated or mated documents to the court records.

## IV.

I doubt very much that at the time of sentencing on September 22, 1988, the district judge understood that he was required to perform a ministerial act that was not mandated until March 13, 1990. The interpretation of the Rule was so unsettled in 1988 that it required an en banc session of this court in 1990 to tell us what it meant. Did this trial judge, as Learned Hand once elegantly put it, "embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time but, whose birth is distant"?[1] I hardly think so.

---

1. *Spector Motor Serv., Inc. v. Walsh,* 139 F.2d 809, 823 (2d Cir.1943) (Learned Hand, J., dis-

Prior to *Fernandez–Angulo*, it was reasonable to conclude that only the Bureau of Prisons, and earlier, also the Parole Commission, had the right to insist that the staple-the-document ritual take place. I do not think that many district judges believed that such a solemnization was required for all cases since 1983, when Rule 32(c)(3)(D) first was promulgated. I am sure that they did not believe that failure to kiss the book was cause for vacating an order and remanding.

Because the majority extend the requirement not only to sentencing under the present version of the Rule but also to previous versions, the retroactivity spectre visits us here. Retroactivity, of course, was not briefed in this case because the document coupling act was not raised by the appellant. It came about sua sponte by the judges of the majority, and because this precise question was not presented at the district court level, the failure-to-append issue must qualify as plain error for this court to notice it.

### V.

To notice an issue on appeal that was not raised before the district judge, this court employs a plain error standard of review. *See* Fed.R.Evid. 103(d); *United States v. Hernandez*, 876 F.2d 774, 777 (9th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 179, 107 L.Ed.2d 135 (1989); *United States v. Bustillo*, 789 F.2d 1364, 1367 (9th Cir.1986) ("A plain error is a highly prejudicial error affecting substantial rights.") (quoting *United States v. Giese*, 597 F.2d 1170, 1199 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979)). Plain error is invoked to prevent a miscarriage of justice or to preserve the integrity and the reputation of the judicial process. *Id.; United States v. Bryan*, 868 F.2d 1032, 1039 (9th Cir.) ("[r]eversal of a criminal conviction on the basis of plain error is an exceptional remedy, which we invoke only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process.") (citations omitted), *cert. denied*, ——

senting), *vacated and remanded,* 323 U.S. 101,

U.S. ——, 110 S.Ct. 167, 107 L.Ed.2d 124 (1989). *See also Hormel v. Helvering*, 312 U.S. 552, 556–57, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941) (Justice Hugo Black's statement of the reasons for the plain error rule).

It is difficult to maintain a straight face to believe that failure to attach one court document to another affects substantial rights and is a doctrine of necessitarianism to preserve the integrity and the reputation of the judicial process. I thought that notion went out with the demise of Common Law pleadings and high-button shoes. There is no room at today's jurisprudential inn for antique pettifoggery.

### VI.

Assuming that it is plain error, and that we are permitted to notice it, for this court to afford complete retroactivity to *Fernandez–Angulo*—even to versions of the Rule that antedated November 1, 1987—is something that will have a pronounced effect on one of the key factors relating to the retroactivity *vel non* of any criminal law decision—" 'the effect on the administration of justice of a retroactive application of the new standards.' *Solem v. Stumes*, 465 U.S. 638, 643 [104 S.Ct. 1338, 1341, 79 L.Ed.2d 579] (1984) (quoting *Stovall v. Denno*, 388 U.S. 293, 297 [87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199] (1967)); see *Linkletter v. Walker*, 381 U.S. 618, 636 [85 S.Ct. 1731, 1741, 14 L.Ed.2d 601] (1965)." *Allen v. Hardy*, 478 U.S. 255, 258, 106 S.Ct. 2878, 2880, 92 L.Ed.2d 199 (1986) (per curiam).

What we know as men and women we must not forget as judges. And we know that there are inmates in federal prisons from Danbury, Connecticut to Lompoc, California who file lawsuits to while away their time. The majority's decision now gives them an opportunity, if not to heckle, at least, to make life more burdensome for sentencing judges. There are many inmates who were sentenced after 1983 and before *Fernandez–Angulo* was handed down. Because the majority apply what they consider to be the rule retroactively, these inmates will have a splendid opportunity to relieve boredom by filing pro se

65 S.Ct. 152, 89 L.Ed. 101 (1944).

complaints to require district courts to re-open closed cases to perform this so-called "ministerial act."

The district judges in this judicial circuit are very busy. In the 1989 fiscal year alone 34,178 civil cases and 12,672 criminal cases were commenced. 1989 *Admin. Off. of U.S. Cts.Ann.Rep.* 171, 251 (Tables C and D-1). These able judges do not have the time to take on unnecessary lawsuits. Neither they nor our clerks of court nor our magistrates nor court room deputies nor law clerks have the time to rummage through stacks of old court documents in cases long ago processed and long ago closed and long ago gone.

## VII.

With almost thirty years experience as a judge, I am very sensitive to the problems of court administration in this judicial circuit. I have set forth these views in unfortunate prolix only because I recognize that the workloads affecting a hardworking federal judiciary here, on both the trial and appellate levels, are profound. I dislike having the burdens of federal judges increased without good reason, and I am afraid that this case does just that.

Accordingly, I dissent.