959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Humberto MONTIEL, Defendant-Appellant.
 No. 90-10230.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Humberto Montiel appeals from the district court's denial of his motion to correct an illegal sentence pursuant to former Fed.R.Crim.P. 35(a).[1] Montiel was convicted of conspiracy to possess and possession with intent to distribute cocaine while using or carrying a firearm in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II), 846, and 18 U.S.C. § 924(c)(1). He contends that the district court erred by imposing a term of supervised release following incarceration as part of his sentence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the legality of a criminal sentence. United States v. Roberson, 896 F.2d 388, 390 (9th Cir.), amended on other grounds, 917 F.2d 1158 (9th Cir.1990).
 
 
 4
 Under the Anti-Drug Abuse Act of 1986, a district court sentencing a first-time drug offender under 21 U.S.C. § 841(b)(1)(B) must include a term of at least four years supervised release. We have previously held that the supervised release provisions of the Act took effect on the date of the Act's enactment, October 27, 1986. United States v. Clay, 925 F.2d 299, 302 (9th Cir.1991); United States v. Torres, 880 F.2d 113, 115 (9th Cir.1989), cert. denied, 493 U.S. 1060 (1990).
 
 
 5
 Montiel was sentenced on August 28, 1987 for crimes which took place in January 1987. The district court originally sentenced him to ten years incarceration followed by five years special parole on Count I, and five years probation on Court II. On December 22, 1988, the district court granted Montiel's first Rule 35(a) motion challenging the special parole term, and amended the judgment to substitute the mandatory term of four years supervised release. On March 1, 1990, Montiel filed a second Rule 35(a) motion which underlies the instant appeal. Because Montiel was convicted for crimes which occurred after October 27, 1986, the district court properly included a term of supervised release in the sentence. See Clay, 925 F.2d at 302.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Former Fed.R.Crim.P. 35(a), applicable to crimes committed before November 1, 1987, provides that the district court may correct an illegal sentence at any time