995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howard Owen KIEFFER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-55412.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 27, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Owen Kieffer, a federal prisoner, appeals pro se the district court's denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Kieffer contends that the district court erred because: (1) he was improperly sentenced under a general statute when a more specific statute was available; (2) the court improperly shifted onto Kieffer the burden of refuting the amount of his false claims for tax refunds alleged in the PSR; and (3) the court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) on matters which he controverted in the presentence report ("PSR"). We have jurisdiction under 28 U.S.C. § 2255. We review de novo, United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990), and affirm.
 
 
 3
 Kieffer pleaded guilty to four counts of making a false claim against the United States in violation of 18 U.S.C. § 287. His criminal conduct consisted of filing income tax returns containing false claims for tax refunds for the years 1983-1986. At Kieffer's change of plea hearing, the government and defense counsel informed the district court that Kieffer agreed to pay restitution in the amount alleged in the indictment unless, at the time of sentencing, Kieffer could justify his claim that the amount of his false claims for tax refunds was less than the amount alleged in the indictment. The district court scheduled sentencing in order to provide time for Kieffer to justify his claim. At the sentencing hearing, however, Kieffer failed to offer any evidence to justify his claim or challenge the accuracy of the information in the PSR regarding the amount of his false claims for tax refunds.
 
 
 4
 Kieffer did controvert other matters in the PSR at the sentencing hearing and the district court made certain corrections to the PSR in response to Kieffer's objections. In a subsequent order ("First Order"), the court ordered that the PSR be amended to reflect corrections made at the sentencing hearing, and that a copy of the First Order be appended to a corrected copy of the PSR and forwarded to the Bureau of Prisons. The First Order, however, did not cover all the corrections made to the PSR at the sentencing hearing. Therefore, the district court issued a another order ("Second Order") which covered the corrections omitted from the First Order. The Second Order, however, did not order that a copy of the corrections included in the Second Order be appended to a copy of the PSR.
 
 
 5
 Relying on Busic v. United States, 446 U.S. 398, 406 (1980), Kieffer first contends that he was improperly sentenced under a general statute when a more specific statute was available. Specifically, Kieffer argues that rather than being sentenced under 18 U.S.C. § 287, the statute he pleaded guilty of violating, which prohibits making a false claim against the United States, he should have been sentenced under 26 U.S.C. § 7206(1), which prohibits making a false statement in a return. This contention is meritless. Moreover, Kieffer's contention is waived because he has offered no reason for his failure to raise the contention before the district court or on direct appeal, see United States v. Frady, 456 U.S. 152, 167 (1982) (defendant must demonstrate cause excusing his procedural default where he fails to make allegations of error at trial or on direct appeal), and because his sentence of five years in custody and five years of probation is within the statutory maximum sentence under 26 U.S.C. § 7206(1) of three years for each count of conviction. See id. (defendant must demonstrate actual prejudice).
 
 
 6
 Kieffer next contends that the district court improperly shifted onto him the burden of refuting the the amount of his false claims for tax refunds alleged in the PSR. This contention is also waived because Kieffer failed to allege any factual inaccuracy in the PSR regarding the amount of his false claims for tax refunds at the time of sentencing. See United States v. Roberson, 896 F.2d 388, 391 (9th Cir.), aff'd, 917 F.2d 1158 (1990) (defendant has initial burden of controverting matters alleged in the PSR).
 
 
 7
 Finally, Kieffer contends that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) on matters which he controverted in the presentence report ("PSR"). Specifically, Kieffer argues that the district court committed a technical violation of the rule by failing to append to the PSR the appropriate findings resolving matters which he controverted in the PSR. This contention has merit.
 
 
 8
 We require strict compliance with Rule 32(c)(3)(D). United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). When a district court complies with the substantive requirements of the Rule but fails to append to the PSR the required findings or determinations, the technical error must be corrected by ordering the district court to append to the PSR the required findings or determinations. Id. at 1517; United States v. Knockum, 881 F.2d 730, 732 (9th Cir.1989) (failure to append Rule 32 findings or determinations did not permit habeas relief because error could be remedied by ordering district court to attach sentencing transcript).
 
 
 9
 Our examination of the record indicates that the district court complied with the substantive requirements of the rule by resolving all of Kieffer's objections to the PSR. The district court committed a technical error, however, by failing to append to the PSR all the corrections made to the PSR at the sentencing hearing. See Fernandez-Angulo, 897 F.2d at 1517; Knockum, 881 F.2d at 732. Remand is necessary, therefore, for the district court to order that the corrections included in the Second Order be appended to the PSR.[1]
 
 
 10
 AFFIRMED in part, REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that remand is necessary in order for the district court to increase the amount of restitution. This contention is not properly before us. See Engleson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1041 (9th Cir.1992) (appellee must file cross appeal where appellee seeks to modify a judgment)