995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Agbayani RACIMO, Defendant-Appellant.
 No. 92-10578.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Abgayani Racimo appeals his conviction and 151-month sentence, following a jury trial, for conspiracy, distribution of cocaine and marijuana, interstate travel in aid of racketeering, and aiding and abetting in violation of 18 U.S.C. §§ 2, 1952(a)(3) and 21 U.S.C. §§ 841(a)(1), 846. Racimo contends that the district court erred by (1) improperly instructing the jury on the defense of duress and (2) refusing to depart downward based upon either an imperfect defense of duress or aberrant behavior. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and dismiss in part.
 
 
 3
 * We review de novo whether a jury instruction misstated elements of an offense. United States v. Spillone, 879 F.2d 514, 525 (9th Cir.1989), cert. denied, 498 U.S. 864, cert. denied, 498 U.S. 878 (1990). We review for abuse of discretion a district court's formulation of a jury instruction. United States v. Perez, No. 92-50191, slip op. 3343, 3348 (9th Cir. Apr. 6, 1993). "The instructions should be viewed as a whole in the context of the entire trial to determine if they were misleading or inadequate to guide the jury's deliberation." Id.
 
 
 4
 Here, the district court gave the following instructions regarding the duress defense:
 
 Instruction No. 21
 
 5
 The defendant does not act intentionally or willfully if the defendant acts under duress at the time of the offense charged. If the government fails to prove the absence of duress beyond a reasonable doubt, then you must find the defendant not guilty.
 
 
 6
 A defendant acts under duress only if at the time of the offense charged:
 
 
 7
 (1) there was an immediate threat of death or serious bodily injury to the defendant if the defendant did not commit the crime; and
 
 
 8
 (2) the defendant had a well-grounded fear that the threat of death or serious bodily injury would be carried out; and
 
 
 9
 (3) the defendant had no reasonable opportunity to escape the threatened harm.
 
 Instruction No. 22
 
 10
 One of the factors you may consider in evaluating whether the defendant had a reasonable opportunity to escape the threatened harm is whether the defendant took the opportunity to escape the threatened harm by contacting authorities at the first reasonable opportunity.
 
 
 11
 During deliberations, the jury submitted a note to the court asking for clarification of the duress defense. The district court responded with the following supplemental instruction:
 
 
 12
 Ladies and gentlemen, last evening you sent a note to the court. I have reviewed that note with counsel. Specifically, you have asked the court three questions.
 
 
 13
 Your first question was whether or not the government has the burden in connection with the instruction on duress of proving the absence of duress as to all three items beyond a reasonable doubt, and the answer to that is yes.
 
 
 14
 As I instructed you in that instruction, the government, if the government fails to prove the absence of duress beyond a reasonable doubt, then you must find the defendant not guilty. A defendant acts under duress only--the government has the burden of showing each of those, the absence of each of those, beyond a reasonable doubt.
 
 
 15
 Now, you further asked for a clarification on the concept of reasonableness, and you further asked, in connection with Instruction Number 21, of a further definition of the word immediacy. I will address each of those issues.
 
 
 16
 With respect to the question you posed in terms of immediacy, the element of immediacy requires that there be evidence that the threat of injury be present, immediate or impending. A mere threat of future harm does not satisfy that requirement. If a condition, a threat in the future does not place the defendant in immediate danger, then the threat is not immediate.
 
 
 17
 On the question of reasonableness, I would advise you that I cannot further define reasonableness for you. I would simply further advise you that another factor you may consider in evaluating whether the defendant had a reasonable opportunity to escape under element three of the duress instruction is whether the defendant had no reasonable opportunity to avoid violating the law without subjecting himself to immediate danger at the time of the offense charged.
 
 
 18
 I also advise you that it is for you to decide the evidence in the case and what weight and effect to give to any such evidence. Do not single out the supplementary instructions to the exclusion of others previously given. They are all important and must all be considered together.
 
 
 19
 Racimo contends that the district court's original duress instructions improperly added to the defense an independent fourth element of prompt surrender to the authorities. We have previously considered and rejected this argument. See United States v. Beltran-Rios, 878 F.2d 1208, 1214 (9th Cir.1989) (identical contention). Racimo urges this panel to reconsider Beltran-Rios. We decline this suggestion, however, because " 'a panel not sitting en banc has no authority to overturn Ninth Circuit precedent.' " United States v. Lucas, 963 F.2d 243, 247 (9th Cir.1992) ( quoting United States v. Aguilar, 883 F.2d 662, 690 n. 25 (9th Cir.1989), cert. denied, 111 S.Ct. 751 (1991)).
 
 
 20
 Racimo further contends that the portion of the supplemental instruction relating to the concept of reasonableness compounded the alleged error in the original duress instructions by further emphasizing to the jury the independent element of prompt surrender to the authorities. We disagree. The challenged portion of the supplemental instruction is consistent with Ninth Circuit authority. See United States v. Jennell, 749 F.2d 1302, 1305-06 (9th Cir.), cert. denied, 474 U.S. 837 (1985). Moreover, the supplemental instruction does not mention the factor of prompt surrender. Thus, taken as a whole, the duress instructions are not misleading. Accordingly, the district court's formulation of the jury instructions on duress was not an abuse of discretion. See Beltran-Rios, 878 F.2d at 1214.
 
 II
 
 21
 Although a district court's legal determination that it lacked authority to depart downward from the Guidelines is reviewable on appeal, its discretionary refusal to depart is not reviewable. United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992).
 
 
 22
 Racimo contends that the district court erred by refusing to depart downward based upon either an imperfect defense of duress or aberrant behavior. We disagree. The district court clearly recognized its authority to depart by stating "I didn't find evidence of duress sufficient to constitute a basis for downward departure" and "I specifically conclude that the activities of the Defendant in this case were not aberrant." The district court's discretionary decision not to depart downward is not reviewable. See Belden, 957 F.2d at 676.[1]
 
 
 23
 AFFIRMED IN PART AND DISMISSED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Racimo also contends that the district court violated Fed.R.Crim.P. 32(c)(3)(D) by failing to make separate factual findings relating to duress and aberrant behavior. This contention is meritless. Because Racimo stated that there were no factual errors in the presentence report, Rule 32 was not triggered. See United States v. Roberson, 917 F.2d 1158 (9th Cir.1990)