12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Calvin Raye HAMRICK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-36533.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1993.*
Decided Nov. 19, 1993.
 
 1
 Before: PREGERSON and KLEINFELD, Circuit Judges, and INGRAM, Senior District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Hamrick appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate or correct his sentence. He challenges his sentence on the grounds that the district court failed to comply with the terms of the plea agreement, and he claims that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) by failing to append a copy of its order amending the presentence report to the copy of the report forwarded to the Bureau of Prisons. Hamrick's challenge of his sentence is without merit, and although under Fed.R.Crim.P. 32(c)(3)(D) the district court is required to append a copy of its order amending the presentence report to the copy sent to the Bureau of Prisons, habeas relief is not available for such ministerial errors. Thus, we affirm.
 
 
 4
 I. Facts.
 
 
 5
 In August, 1990, Hamrick robbed a bank in Eugene, Oregon. He approached a bank teller and handed her a note, which read "I'm wired--TNT This is a robbery Put the mon". The teller gave him $540 in bills before he told her "That's enough" and walked out of the bank with the money. After Hamrick was arrested, he entered into a plea agreement with the government and pleaded guilty to bank robbery, in violation of 18 U.S.C. Sec. 2113(a).
 
 
 6
 The plea agreement between Hamrick and the government states that in exchange for Hamrick's guilty plea, the prosecutor "agrees to recommend to the court that [Hamrick] receive credit for acceptance of responsibility under the Sentencing Guidelines and that he be sentenced to the low end of the applicable sentencing guideline."
 
 
 7
 During the guilty plea proceedings, the district judge told Hamrick that the government's promise to recommend the low end of the guidelines range is "their recommendation only. That doesn't bind the Court." Hamrick acknowledged that he understood this before he pleaded guilty.
 
 
 8
 The presentence report recommended a two level upward adjustment to Hamrick's offense level, pursuant to U.S.S.G. Sec. 2B3.1(b)(2)(D), because Hamrick allegedly made an express threat of death to the teller when he robbed the bank. Hamrick challenged this two point enhancement, and the district court found that Hamrick's TNT comment did not constitute an express threat of death, and thus reduced the recommended offense level by two points. This changed the guideline range from 84-105 months to 70-87 months. Despite its acknowledgment that the government was recommending the low end of the guideline range, the district court decided to sentence Hamrick to 84 months, at the high end of the new range. Hamrick did not appeal the sentence.
 
 
 9
 In June, 1992, Hamrick challenged his sentence by filing the 28 U.S.C. Sec. 2255 motion to vacate or correct the sentence at issue here. His habeas petition was denied by the district court, which stated in its order denying his motion, "defendant's threat clearly implied the victims would be blown up with TNT if they did not comply with his demands." Hamrick asserts that this statement is inconsistent with the district court's earlier finding that there was no express threat of death, and he therefore appealed.
 
 
 10
 II. Analysis.
 
 
 11
 A. Motion to Vacate or Correct Sentence.
 
 
 12
 Hamrick argues that the district court erred by failing to sentence him to the low end of the guideline range, as recommended by the government pursuant to the plea agreement. When a plea agreement is made pursuant to Rule 11(e)(1)(B), a district court may accept the guilty plea, reject the recommended sentence, and bind the defendant to a higher sentence. United States v. Graibe, 946 F.2d 1428, 1432 (9th Cir.1991).
 
 
 13
 During the guilty plea proceedings, the district judge explained to Hamrick that regardless of what the government recommends, he may sentence him at the middle or high end of the guideline range. Id. The plea agreement was understood by both the government and Hamrick to be of the sort described in Rule 11(e)(1)(B), and thus the district court did not err by accepting Hamrick's guilty plea and refusing to accept the sentence recommended by the government.
 
 
 14
 In its order denying Hamrick's 28 U.S.C. Sec. 2255 motion to vacate or correct his sentence, the district court stated that "defendant's threat clearly implied the victims would be blown up with TNT if they did not comply with his demands." Hamrick argues that this statement is inconsistent with the court's ruling eighteen months earlier, during the initial sentencing, that there was no express threat of death warranting a two point enhancement of Hamrick's offense level.
 
 
 15
 At the sentencing proceedings, the district judge explained that with the two level reduction from the recommendation of the presentence report, the guideline range was reduced to 70 to 87 months. The judge then stated "I must go to the higher end of your range. And I'm going to impose a sentence of 84 months in this matter, which will be your sentence." These comments make it clear that the judge knew exactly what he was doing, and did not think that the 84 month sentence was at the low end of the guideline range. Regardless of whether the statement made eighteen months later in rejecting the Sec. 2255 motion was inconsistent with the prior ruling on whether there was an express threat of death, there were no errors in the initial sentencing. Thus, the district court's denial of the motion to vacate or correct the sentence is affirmed.
 
 
 16
 B. Appending Modification of Presentence Report.
 
 
 17
 Hamrick notes that after his initial sentencing, the district court failed to attach a copy of its order amending the presentence report to the copy of the report forwarded to the Bureau of Prisons, as required by Fed.R.Crim.P. 32(c)(3)(D).[1]
 
 
 18
 Habeas relief is not available to correct a sentencing court's violation of the requirement that a written record of its rulings on contested presentence material accompany the copy of the presentence report forwarded to the Bureau of Prisons. United States v. Knockum, 881 F.2d 730, 732 (9th Cir.1989). Since Hamrick is asserting this challenge in an action for habeas relief, it must be rejected under Knockum.
 
 
 19
 The district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The rule states:
 (D) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
 Fed.R.Crim.P. 32(c)(3)(D) (emphasis added).