46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerrell WOOLRIDGE, Petitioner-Appellant,
v.
Larry F. TAYLOR, Warden, Respondent-Appellee.
 No. 94-55543.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerrell Woolridge appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 petition.[1] Woolridge contends that: (1) the district court denied his right to present a defense; (2) the district court coerced him into withdrawing a motion to withdraw his guilty plea; (3) the district court should have corrected the presentence report (PSR); (4) the district court lacked jurisdiction to sentence him; (5) he is entitled to credit for time served "in Boron Federal Prison Camp, or any other place of confinement;" and (6) he should have been enlarged on bail pending appeal. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 By pleading guilty, Woolridge admitted the elements of the crimes charged against him and waived his right to proceed to trial. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); United States v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990). He does not allege that his guilty plea was invalid because it was unknowing or involuntary, or that he was denied the effective assistance of counsel. Cf. United States v. Espinoza, 866 F.2d 1067, 1069-70 (9th Cir.1988). Because he knowingly and voluntarily waived his right to testify at trial, Woolridge no longer possessed a right to testify or present a defense. The district court's statements made during the hearing on the motion to withdraw the guilty plea therefore did not infringe on any of Woolridge's rights.
 
 
 4
 Woolridge next claims that he was coerced into withdrawing his motion to withdraw his guilty plea. This claim fails for two reasons. First, Woolridge had no right to withdraw his guilty plea; the disposition of such motions is within the discretion of the district court. See United States v. Meyers, 993 F.2d 713, 714 (9th Cir.1993). Second, the district court's statements, taken in context, show that the court was not inclined to grant the motion to withdraw Woolridge's guilty plea if Woolridge planned to contradict his statements made under oath during his guilty plea by testifying that he was innocent of the charges. The court did not say that it would grant the motion to withdraw the guilty plea, and then preclude Woolridge from testifying. Moreover, at no time did the district court state or imply that Woolridge should give up his motion to withdraw his guilty plea. Because the record does not support Woolridge's version of the facts, he is not entitled to relief. See 28 U.S.C. Sec. 2255 (habeas relief may be denied if motion and records show prisoner entitled to no relief); Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam) (same).
 
 
 5
 Woolridge claimed in his section 2255 motion that his sentence was based on false information in the PSR. He also alleged that the district court indicated at sentencing that the PSR "did not matter, and it did not carry any wait [sic] in his sentence." Woolridge's slightly different argument on appeal is that the district court failed to correct the PSR, presumably in compliance with Fed.R.Crim.P. 32(c)(3)(D). Because the district court did not consider the PSR at sentencing, however, both of Woolridge's claims fail. See United States v. Kimball, 975 F.2d 563, 567 (9th Cir.1992) (due process challenge to sentence requires showing that sentencing court relied upon false or unreliable information to determine sentence), cert. denied, 113 S.Ct. 1276 (1993); United States v. Turner, 898 F.2d 705, 709 (9th Cir.) (district court complies with Rule 32(c)(3)(D) if it determines controverted matter in PSR will not be taken into account at sentencing), cert. denied, 495 U.S. 962 (1990). To the extent Woolridge claims that the district court failed to forward to the Bureau of Prisons, with the PSR, a written record of the court's determination that it would not rely on the facts to which Woolridge objected at sentencing, his appropriate remedy is through a motion under Fed.R.Crim.P. 36. See United States v. Knockum, 881 F.2d 730, 732 (9th Cir.1989).
 
 
 6
 We decline to address Woolridge's claims that the district court lacked jurisdiction to sentence him and that he is entitled to prison credits because he failed to raise these issues in his section 2255 motion in the district court. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990). Finally, we deny as moot Woolridge's renewed motion for bail pending appeal.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court construed Woolridge's motion under 28 U.S.C. Sec. 2255 as a Fed.R.Crim.P. 35 motion, a section 2255 motion is the proper vehicle for his claims because he is attacking the legality of his conviction. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987)