46 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Edgar CROWDER, Defendant-Appellant.
 No. 92-50644.
 United States Court of Appeals Ninth Circuit.
 Argued and Submitted: Jan. 13, 1995.
Decided: Jan. 27, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and KING,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 * William Edgar Crowder was convicted of bank fraud and submission of false statements to a bank and savings and loan institution in support of a loan application. Crowder appeals the restitution portion of his sentence on due process grounds, maintaining that the district court computed his sentence on the basis of unreliable information. We review de novo the legality of his sentence. United States v. Lujan, 936 F.2d 406, 412 (9th Cir. 1991). We affirm.
 
 II
 
 4
 A defendant challenging information used in sentencing must raise in the sentencing hearing his contention that the information is incorrect. See United States v. Roberson, 896 F.2d 388, 391, amended on other grounds, 917 F.2d 1158 (9th Cir. 1990); United States v. Kimball, 975 F.2d 563, 567 (9th Cir. 1992), cert. denied, 113 S.Ct. 1276 (1993) (noting that defendant has the burden of showing that information used in sentencing is false or unreliable when making a due process challenge to a presentence report). Because Crowder failed to object to the stated amount of the loss incurred by Dollar Dry Dock during the sentencing hearing, Crowder is barred from challenging that figure on appeal.[1] See United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir. 1990), cert. denied, 112 S.Ct. 442 (1991); Lujan, 936 F.2d at 412.[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Crowder suggests that he did object to the loss figure. The record, however, clearly reflects that before the district court Crowder objected only to being held responsible for the loss; he did not contest the loss figure
 
 
 [2]
 The appeal from the district court's denial of the Rule 35 motion, which was entertained after the notice of appeal was filed, was abandoned during oral argument