29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard FREDERICK, Defendant-Appellant.
 No. 90-10502.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1994.*
Decided July 15, 1994.
 
 Before: FERNANDEZ, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Frederick appeals his conviction and sentence for conspiracy to manufacture and distribute methamphetamine, 21 U.S.C. Sec. 841(a)(1). Frederick claims that the district court erred in admitting two items of evidence; that insufficient evidence supports his conviction; and that the district court erred by increasing his base offense level for possession of firearms. We have jurisdiction, 28 U.S.C. Sec. 1291; 18 U.S.C. Sec. 3742, and we affirm.
 
 
 3
 * Frederick argues that the district court erred in permitting Agent Wisenor to testify as to the contents of a document seized in the course of a Customs search of a motor home Frederick had been driving on May 30, 1989, and in admitting a certified copy of Riley's booking card, both over Frederick's hearsay objections. Frederick also claims that the admission of both items of evidence violated his Confrontation Clause rights.
 
 
 4
 We review de novo the district court's construction of the hearsay rule. United States v. Layton, 855 F.2d 1388, 1398 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989). We review for abuse of discretion the district court's decision to admit evidence under an exception to the hearsay rule. United States v. Bland, 961 F.2d 123, 126 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992). We review de novo Frederick's claim that his rights under the Confrontation Clause were violated. United States v. George, 960 F.2d 97, 99 (9th Cir.1992).
 
 
 5
 * Frederick argues that Wisenor's testimony that a document discovered in the search of the motor home contained a formula for producing phenyl-2-propanone (P-2-P)[1] was inadmissible hearsay. We agree with the district court that the testimony was not hearsay.
 
 
 6
 The government offered Wisenor's testimony as 404(b) evidence to show Frederick's knowledge of the methamphetamine-manufacturing process. Wisenor's credibility, not that of the author of the document was at issue; Frederick had the opportunity to, and did, cross-examine Wisenor regarding his perception, recollection, and opinion[2] of the document's contents. The district court admonished the jury that they were to consider the 404(b) evidence only insofar as it bore on Frederick's "intent or knowledge in connection with the crimes charged against him in this case and for no other reason." Wisenor's testimony was not hearsay, and the district court did not err in admitting it. See United States v. Enriquez-Estrada, 999 F.2d 1355, 1360 (9th Cir.1993) (no hearsay problem where "drug ledgers" admitted "for the limited purpose of showing the nature and use" of residence where drugs found).
 
 
 7
 This conclusion disposes of Frederick's Confrontation Clause challenge to Wisenor's testimony. "No Confrontation Clause issue is raised where the statements are not offered for the truth of the matter asserted." United States v. Lujan, 936 F.2d 406, 410 (9th Cir.1991) (per curiam).
 
 B
 
 8
 Frederick next argues that the district court erred in admitting Exhibit 46, Riley's booking card, without redacting the "horse trainer" notation on the card's "occupation" line. We do not agree.
 
 
 9
 The record reveals that Frederick stipulated that Exhibit 46 contained a true set of Riley's fingerprints; the government, in return, agreed to redact the date and nature of the offense listed on the card. Frederick did not object when the government introduced Exhibit 46. When his counsel raised a Rule 403 objection at the close of evidence, the district court offered to void the stipulation (in which case the government would have moved the court to admit the full exhibit as a certified copy of a police record). Defense counsel replied, "I don't want that either[,]" and asked the court to exercise its discretion to exclude the evidence on relevance grounds.
 
 
 10
 Frederick's charge that the "horse trainer" notation was "hearsay of the rankest kind" fails in the face of his stipulation to admit Exhibit 46 with only the date and nature of the offense redacted.[3] See United States v. Gwaltney, 790 F.2d 1378, 1386 (9th Cir.1986), cert. denied, 479 U.S. 1104 (1987). Nor do we agree that the court should have excluded the exhibit under Rule 403. The "horse trainer" notation was relevant to connecting Riley (Frederick's wife and codefendant in the indictment) to the methamphetamine-manufacturing equipment shipped to the "trainer" in Clements, California. The court did not abuse its discretion in admitting the exhibit over Frederick's objection.
 
 II
 
 11
 Frederick argues that the evidence was insufficient to support his conspiracy conviction. He insists that the government's evidence linked him to "people of questionable repute," not to the conspiracy charged in the indictment. We disagree.
 
 
 12
 Evidence is sufficient to support a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). "To support a conviction of conspiracy, evidence has to be produced to show that the person charged as a co-conspirator had knowledge of the conspiracy and acted in furtherance of it. Mere casual association with conspiring people is not enough." United States v. Wiseman, No. 93-10097, slip op. 5943, 5950 (9th Cir. June 3, 1994) (quotation marks and alterations omitted). "But where there is evidence establishing the existence of a conspiracy, if the government is able to establish even a slight connection with the conspiracy beyond a reasonable doubt, it is sufficient to support a conviction." Id.
 
 
 13
 The evidence in this case, viewed in the light most favorable to the prosecution, indicates more than "mere casual association with conspiring people." Frederick's fingerprints were found on two pieces of lab equipment and a coffee mug discovered at the lab site (which one DEA Agent testified was the largest lab he'd ever seen). A pickup truck registered to Frederick was on the site, as was an AR-15 rifle, which was compatible with an ammunition magazine found at Frederick's apartment. The 404(b) evidence, together with evidence that Riley was on the Modoc County property and was observed in November 1988, reeking of chemicals used in the methamphetamine-production process, undercut Frederick's testimony that he was unaware of what was going on at the property until Thanksgiving 1988. It is clear the jury rejected Frederick's assertion that he bought the property, which is located in the high desert area, with the intent to convert it into a "duck club."
 
 
 14
 The evidence was sufficient to support Frederick's conviction on the conspiracy charge.
 
 III
 
 15
 Frederick argues that the district court erred in increasing his base offense level on account of possessing a firearm, U.S.S.G. Sec. 2D1.1(b)(1). "We review de novo the district court's application of the Sentencing Guidelines." United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993). We review for clear error the district court's factual findings in the sentencing phase. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 
 16
 The district court did not err in applying Sec. 2D1.1(b)(1). The magazine clip discovered in Frederick's residence was compatible with the rifle found at the property he owned and visited. The two-level enhancement was appropriate. See United States v. Stewart, 926 F.2d 899, 900-02 (9th Cir.1991).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 P-2-P is a precursor in the manufacture of methamphetamine
 
 
 [2]
 Although the district court did not formally certify Wisenor as an expert witness, the court took into account in allowing Wisenor to testify that he had been involved in 75 methamphetamine busts and that he was familiar with the chemicals used in the manufacture of the drug
 
 
 [3]
 For the same reason, we conclude that Frederick waived his Confrontation Clause objection to the exhibit