UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Steven LUJAN,
Defendant–Appellant.

No. 89–30197.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1990.

Decided June 10, 1991.

**408**

Hap Wong, Portland, Or., for defendant-appellant.

Frank Noonan and Leslie K. Baker, Asst. U.S. Attys., Portland, Or., for plaintiff-appellee.

Before HUG and D.W. NELSON, Circuit Judges, and CARROLL,* District Judge.

PER CURIAM:

Robert Steven Lujan (Lujan) appeals his conviction on three drug trafficking counts, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988). We affirm.

I. *Motion to Suppress Wiretap Evidence: Probable Cause*

Lujan challenges the district court's denial of the motions to suppress wiretap evidence, contending there was no probable cause to issue a wiretap extension order, as required under 18 U.S.C. §§ 2518(3)(a), (b), (d) & 2518(5).

Lujan argues that the affidavit for the first extension order of October 29, 1987 indicated the lack of probable cause because it noted that the Government learned on September 25, 1987 Valdez was no long-

---

* The Honorable Earl H. Carroll, United States District Judge for the District of Arizona, sitting by designation.

er living at the targeted address. Because Valdez purportedly left Rose Arehart's residence, Lujan argues there was no probable cause for the first extension order.

■ Under the totality of the circumstances, we find that there was sufficient probable cause for the first extension wiretap order. Lujan has cited no authority that the targeted individual must reside at the location of the targeted facility. The statute merely requires probable cause that the targeted facilities "are being used, or are about to be used" in connection with the offense. The affidavit noted that based on at least one intercepted call after the purported move-out date, Valdez continued to use the targeted number for his narcotics business. The application for the first extension was supported by a thirty-page affidavit by DEA Special Agent Patrick O'Connor, who had also submitted an affidavit for the original wiretap authorization. According to the affidavit for extension, during the first interception period, a substantial percentage of the telephone calls on the targeted facility involved conversations concerning criminal activity.

## II. *Noncompliance with Section 2518(1)(e) Disclosure Requirement*

■ Lujan contends a separate wiretap application on September 11, 1987 before U.S. District Court Judge Redden, of the District of Oregon, on Rose Arehart's telephone failed to mention a prior application listing Arehart and Steve Lujan as targets which had been submitted to U.S. District Court Judge Roger Strand, of the District of Arizona. The Government does not dispute that this omission violated the section 2518(1)(e) requirement for disclosure of all previous applications "involving any of the same persons ... specified in the application."

■ Lujan argues that this nondisclosure requires suppression of the "unlawfully intercepted" communications under section 2518(10)(a)(i). Review is *de novo* on whether a full and complete disclosure, as required under the statute, has been satisfied. *See, e.g., United States v. Brone,* 792 F.2d 1504, 1506 (9th Cir.1986). Findings of fact concerning misleading statements and omissions under the statute are reviewed under the clearly erroneous standard. *United States v. Carneiro,* 861 F.2d 1171, 1176 (9th Cir.1988).

■ In *United States v. Donovan,* 429 U.S. 413, 433–34, 97 S.Ct. 658, 671, 50 L.Ed.2d 652 (1977), the Supreme Court held that suppression was not mandated by every noncompliance under the wiretap statute. Instead "suppression is required only for a 'failure to satisfy any of those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of this extraordinary investigative device.'" *Id.* (quoting *United States v. Giordano,* 416 U.S. 505, 527, 94 S.Ct. 1820, 1832, 40 L.Ed.2d 341 (1974)).

■ Lujan relies on *United States v. Bellosi,* 501 F.2d 833, 841 (D.C.Cir.1974), which concluded that intentional noncompliance with section 2518(1)(e) required suppression. *Id.* at 835. We find *Bellosi* distinguishable. There, it was not disputed that the nondisclosure under section 2518(1)(e) was intentional. Here, the district court found the nondisclosure of the earlier application was inadvertent. This finding has not been shown to be clearly erroneous. We are persuaded by those other circuits which have concluded that suppression was not required by the section 2518(1)(e) nondisclosure under similar findings of unintentional noncompliance. *See, e.g., United States v. Zannino,* 895 F.2d 1, 9 (1st Cir.) (negligent but unintentional noncompliance does not warrant suppression), *cert. denied,* —— U.S. ——, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990); *United States v. Pinelli,* 890 F.2d 1461, 1475 (10th Cir.1989) (unintentional noncompliance), *cert. denied,* —— U.S. ——, 110 S.Ct. 2568, 109 L.Ed.2d 750 (1990); *United States v. Van Horn,* 789 F.2d 1492, 1500 (11th Cir.) (inadvertent noncompliance), *cert. denied,* 479 U.S. 854, 107 S.Ct. 190, 93 L.Ed.2d 123 (1986).

### III. *Motion to Sever Conspiracy Count*

Lujan argues the district court abused its discretion in denying his motion to sever count II for conspiracy from the substantive counts IX and X for distribution of heroin. *United States v. Patterson*, 819 F.2d 1495, 1501 (9th Cir.1987).

■ Lujan's motion was renewed at the close of the Government's case in chief but was not made at the close of all trial evidence. Because Lujan failed to renew his motion at the close of all trial evidence, he waived appellate review of this issue. *See, e.g., United States v. Plache*, 913 F.2d 1375, 1379 (9th Cir.1990) (noting waiver generally results where motion to sever is brought at close of Government's case in chief but is not renewed at close of all trial evidence); *United States v. Figueroa–Paz*, 468 F.2d 1055, 1057 (9th Cir.1972) (same). Further, Lujan has not shown that two noted exceptions to the requirement of renewal may apply. *See United States v. Kaplan*, 554 F.2d 958, 965 (9th Cir.) (per curiam), *cert. denied*, 434 U.S. 956, 98 S.Ct. 483, 54 L.Ed.2d 315 (1977).

### IV. *Hearsay: December 30, 1987 Telephone Conversation*

Lujan argues the trial court abused its discretion in admitting the testimony of DEA Special Agent O'Connor and evidence concerning a December 30, 1987 telephone call from Ida Romero to Rose Arehart.

#### A. Arehart

■ We conclude Arehart's statements were admissible as nonhearsay pursuant to Fed.R.Evid. 801(d)(2)(E), as "statement[s] by a coconspirator of a party during the course and in furtherance of the conspiracy." The district court's finding that Arehart was a member of the conspiracy was not clearly erroneous. *See United States v. Zavala–Serra*, 853 F.2d 1512, 1515 (9th Cir.1988). Evidence established Arehart's role in the conspiracy as maintaining a message center at her residence for the narcotics conspiracy. The statement directing Romero to Lujan's house was admissible as Arehart sought to induce Romero "to deal with the conspirators or in any other way to cooperate or assist in achieving the conspirators' common objective" of narcotics transactions. *Id.* at 1516 (quoting *United States v. Foster*, 711 F.2d 871, 880 (9th Cir.1983) (other citation omitted), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 132 (1984)). Finally, there is no Confrontation Clause problem raised since the requirements of Rule 801(d)(2)(E) are satisfied. *Bourjaily v. United States*, 483 U.S. 171, 183–84, 107 S.Ct. 2775, 2782–83, 97 L.Ed.2d 144 (1987).

#### B. Romero

■ The Government argues that Romero's taped statements were not hearsay and were admissible as relevant evidence which was not offered to prove the truth of the matter asserted. *See* Fed.R.Evid. 801(c); *United States v. Sanchez–Lopez*, 879 F.2d 541, 554 (9th Cir.1989). No Confrontation Clause issue is raised where the statements are not offered for the truth of the matter asserted. *United States v. Kirk*, 844 F.2d 660, 663 (9th Cir.) (per curiam), *cert. denied*, 488 U.S. 890, 109 S.Ct. 222, 102 L.Ed.2d 213 (1988).

■ Here, Romero's statements were relevant on Romero's state of mind as a prospective purchaser of drugs, establishing the relationship of the parties in the conversation. Lujan argues the portion of the conversation referring to him should have been stricken. Lujan did not, however, request this exclusion from the trial court. *See, e.g., United States v. Schmit*, 881 F.2d 608, 612 (9th Cir.1989). Even assuming, *arguendo*, any error rose to a constitutional dimension, we conclude such error would not be reversible because it was harmless beyond a reasonable doubt. *United States v. Bibbero*, 749 F.2d 581, 584 (9th Cir.1984), *cert. denied*, 471 U.S. 1103, 105 S.Ct. 2330, 85 L.Ed.2d 847 (1985).

### V. *Hearsay Testimony: Officer Miller*

■ Lujan contends the district court abused its discretion in admitting hearsay testimony of James Miller, a police officer with the City of Salem, concerning statements made to him by the informant Susan

Keller. We find no abuse of discretion as Miller's testimony was admissible as a prior consistent statement offered to rebut a charge of improper influence or motive under Fed.R.Evid. 801(d)(1)(B). *United States v. Miller*, 874 F.2d 1255, 1271 (9th Cir.1989).

■ Further, Keller's statements to Miller are admissible under the rule because the defendants "opened the door" by cross-examining Keller concerning the prior statements. *See, e.g., United States v. Stuart*, 718 F.2d 931, 935 (9th Cir.1983). Keller testified on cross-examination that she never purchased "anything" from Lujan in a public place. Finally, Keller testified that she had seen Lujan deliver drugs to Dale Rhodes.

### VI. *Hearsay Testimony: Keller*

■ Lujan argues the district court abused its discretion in denying his motion for severance on grounds that he was prejudiced by the hearsay testimony of informant Susan Keller. *See Patterson*, 819 F.2d at 1501. Similarly, Lujan contends the district court abused its discretion in admitting Keller's hearsay testimony. *See Kirk*, 844 F.2d at 663.

As already discussed, Lujan's failure to renew his motion to sever at the close of all trial evidence waived appellate review of the severance issue. *See, e.g., Plache*, 913 F.2d at 1379.

With respect to the hearsay challenge, we find the statements were admissible as a coconspirator's statement under Fed.R. Evid. 801(d)(2)(E) as they sought to encourage Keller's continued purchase and participation in the conspiracy. *See United States v. Vincent*, 758 F.2d 379, 381 (9th Cir.), *cert. denied*, 474 U.S. 838, 106 S.Ct. 116, 88 L.Ed.2d 95 (1985); *United States v. Whitten*, 706 F.2d 1000, 1018 (9th Cir.), *cert. denied*, 465 U.S. 1100, 104 S.Ct. 1593, 80 L.Ed.2d 125 (1983).

### VII. *Motion to Strike Overt Act*

■ The conspiracy count of the Superseding Indictment alleged in overt act number three of Count II: "[O]n June 27, 1985, Robert Steven Lujan did distribute approximately four ounces of tar heroin for $24,000.00." Lujan appeals the denial of his trial motion to strike this overt act on the basis there was insufficient evidence that the alleged sale was in furtherance of the conspiracy. We review the evidence in the light most favorable to the Government to determine if *"any* rational trier of fact could have found the essential elements of [conspiracy] beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original) (citation omitted); *see also United States v. Kenny*, 645 F.2d 1323, 1335 (9th Cir.) ("whether a single conspiracy has been proved, rather than multiple conspiracies," essentially concerns the "sufficiency of the evidence"), *cert. denied*, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981).

■ We conclude that there was sufficient evidence to connect Lujan to the drug conspiracy at trial. "A single conspiracy may involve several subagreements or subgroups of conspirators." *Bibbero*, 749 F.2d at 587 (citation omitted); *see also United States v. Arbelaez*, 719 F.2d 1453, 1457–58 (9th Cir.1983) (evidence need only support a finding that a single conspiracy exists and need not exclude every hypothetical conspiracy), *cert. denied*, 467 U.S. 1255, 104 S.Ct. 3543, 82 L.Ed.2d 847 (1984).

### VIII. *Trial Transcript Furnished to Jury*

■ After about four hours on the first day of deliberation, the jury sent a note to the district court requesting a copy of the trial transcript. Lujan argues the district court abused its discretion in furnishing the trial transcript to the jury.

Under the circumstances, the trial judge did not abuse his discretion in providing the trial transcripts to the jury. *Compare United States v. Portac, Inc.*, 869 F.2d 1288, 1295 (9th Cir.1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 129, 112 L.Ed.2d 97 (1990). *United States v. Betancourt*, 838 F.2d 168, 175 (6th Cir.), *cert. denied*, 486 U.S. 1013, 108 S.Ct. 1748, 100 L.Ed.2d 210 (1988). While more time would have been

preferred for review, the trial court provided counsel an opportunity to note inaccuracies in the transcript. The transcripts were merely to be used as an aid to the jury. The instruction cautioned the jury that the transcript would not serve as a substitute for their memory or assessment of witness credibility. The jury was admonished to weigh all the evidence and not to use the transcript to focus on any portion of the trial. Finally, the trial court instructed the jury the transcript was not authoritative and the juror's memory should prevail.

## IX. *Rule 32(c)(3)(D)*

Lujan contends the sentencing court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) on matters in the presentence report which he controverted. The legality of a sentence is reviewed *de novo. United States v. Fernandez–Angulo,* 863 F.2d 1449, 1451 (9th Cir.1988), *vacated on other grounds,* 897 F.2d 1514 (9th Cir.1990) (en banc).

On appeal, Lujan argues the district failed to resolve, through Rule 32(c)(3)(D), three alleged factual inaccuracies in the presentence report at ¶¶ 45–47: (1) Lujan had a managerial role in drug dealing at the Lombard address; (2) the amount and purity of the drugs attributable to Lujan; and (3) Lujan supplied cocaine to Saragosa Jiminez.

Because Lujan did not raise the first and third issues before the district court, he waived these issues on appeal. *See United States v. Roberson,* 896 F.2d 388, 391 (9th Cir.1990) (noting defendant has initial burden to proffer evidence to show inaccuracy under Rule 32(c)(3)(D)); *United States v. Safirstein,* 827 F.2d 1380, 1387 (9th Cir.1987).

Based on argument at the sentencing hearing, the court directed changes in the presentence report on the purity level of the cocaine. Further, the court ordered the presentence report be changed to reflect Lujan was not responsible for acts occurring after September 25, 1987. However, the sentencing court rejected Lujan's argument on the amount of the drugs, relying on the evidence presented at trial. Susan Keller's testimony at trial supported this amount. She also characterized the volume of traffic at the Lombard address as medium to high, and heroin was almost always available. Therefore, the substantive requirements of Rule 32(c)(3)(D) were satisfied. *See Fernandez–Angulo,* 897 F.2d at 1516–17.

The Government correctly notes, however, that a technical violation of the rule was committed when the district court failed to append to the presentence report the appropriate findings resolving controverted matters. Under these circumstances, resentencing is not required. To correct the technical error, we remand with instructions that the district court append to the presentence report the required findings. *Id.* at 1517.

## X. *Conclusion*

Lujan's conviction is affirmed. We remand for the district court to append the requisite findings to the presentence report.

AFFIRMED and REMANDED.