985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernardo Jorge HERZER, Defendant-Appellant.
 No. 92-50350.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1992.
Decided Jan. 26, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-91-571-03-GT; Gordon Thompson, Jr., District Judge, Presiding.
 S.D.Cal.
 AFFIRMED AND REMANDED.
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Bernardo Jorge Herzer appeals his sentence imposed after Herzer pleaded guilty to attempted possession of marijuana with intent to distribute. Herzer argues that the district court improperly determined that the amount of marijuana in question was thirteen pounds instead of ten pounds, a difference that would reduce his sentence under the Sentencing Guidelines. Herzer also argues that the district court violated Federal Rule of Criminal Procedure 32 when it failed to address his objections to the presentence investigation report ("PSR"). We affirm, but remand for technical compliance with Rule 32(c)(3)(D).
 
 
 3
 Herzer and the government entered into a plea agreement whereby Herzer pleaded guilty to attempted possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. In relevant part, the plea agreement states that the government "agrees that of the amount of marijuana to be purchased by a number of violators on June 5, 1991, defendant Herzer had only enough money of his own to purchase approximately 13 pounds of marijuana."
 
 
 4
 At the sentencing hearing Herzer argued that he attempted to buy only ten pounds. This was important for purposes of determining the base level offense under the Sentencing Guidelines. Ten pounds would result in a base level of 12; thirteen pounds would result in a base level of 14. U.S.S.G. § 2D1.1(c). The district court found that Herzer had pleaded guilty to attempted possession of thirteen pounds. The court then reduced the base level of 14 by two levels because of acceptance of responsibility. Herzer was sentenced to ten months, the low end of the appropriate range.
 
 
 5
 The district court's findings of fact during sentencing are reviewed for clear error. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). A review of the record demonstrates that the district court based its decision on reliable information. First, and most important, the plea agreement, signed by Appellant, states that he attempted to possess approximately thirteen pounds of marijuana. Second, the government offered evidence at the sentencing hearing that the price was to be approximately $900 per pound of marijuana. If this were the price, the amount of marijuana that Herzer would have obtained is over thirteen pounds. The district court's finding cannot be said to be clearly erroneous.
 
 
 6
 Next, we must address Appellant's objections to the PSR. Appellant claims that the sentence must be vacated because the district court did not reconcile his objections as mandated by Rule 32(c)(3)(D).[1] Appellant's twelve-page "Sentencing Memorandum and Objections and Corrections to the Probation Report" raised several issues--issues that the trial judge in fact resolved, one way or another. A written "Judgment Including Sentence Under the Sentencing Reform Act" form, signed by the trial judge and detailing Appellant's sentence, reflects by a handwritten checkmark that "objections to the facts or guideline calculations" were "[d]enied in part and granted in part (Exhibit B)[.]" No Exhibit B, however, is attached to the judgment form, nor is any written record of the judge's findings or determinations appended to the PSR, as required by Rule 32(c)(3)(D).
 
 
 7
 We require "strict compliance" with the directives of Rule 32(c)(3)(D). United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). The failure to make the findings and determinations required by the Rule obligates this court to vacate the sentence below and remand for resentencing. Id. Where, however, those findings have been made and there is merely a "technical violation" of the Rule, as is apparently the case here, we remand not for resentencing, but so that the district court may append to the PSR the required findings and determinations. United States v. Lujan, 936 F.2d 406, 412 (9th Cir.1991). Given the trial judge's apparent resolution of Appellant's objections and corrections, the latter course is appropriate in this case.
 
 
 8
 AFFIRMED, but REMANDED for compliance with Federal Rule of Criminal Procedure 32 (c)(3)(D).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Rule provides that
 [i]f the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
 Fed.R.Crim.P. 32(c)(3)(D).