996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Lester WORTHY, Defendant-Appellant.
 No. 93-50007.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Lester Worthy appeals his 18-month sentence following entry of a guilty plea for dealing in explosive materials in violation of 18 U.S.C. § 842(a)(1). Worthy contends that the district court erred by (1) denying a reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1 and (2) failing to resolve disputed factual matters in the presentence report ("PSR") in violation of Fed.R.Crim.P. 32(c)(3)(D). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.
 
 
 3
 We review for clear error the district court's determination that Worthy did not accept responsibility. See United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992) (per curiam). We review de novo the legality of a sentence. United States v. Lujan, 936 F.2d 406, 412 (9th Cir.1991) (per curiam).
 
 
 4
 * Acceptance of Responsibility
 
 
 5
 Worthy contends that the district court erred by denying a reduction for acceptance of responsibility because he admitted his criminal conduct and expressed remorse. We disagree.
 
 
 6
 "It is not clearly erroneous to deny the reduction [for acceptance of responsibility] if the defendant admits he committed the criminal behavior but does not exhibit sincere remorse or contrition for having done so." Daly, 974 F.2d at 1218; see also United States v. Johnson, 953 F.2d 1167, 1173 (9th Cir.), cert. denied, 113 S.Ct. 226 (1992). A defendant may exhibit a lack of sincere remorse or contrition by minimizing his criminal responsibility. See United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991).
 
 
 7
 Here, Worthy admitted that he engaged in explosives transactions with a confidential informant and submitted a letter to the district court expressing remorse for his actions. In his letter and in statements to the probation officer and the court, however, Worthy asserted that he knew nothing about explosives and had not known that he was committing a serious offense. The district court denied a reduction for acceptance of responsibility, citing evidence that Worthy had expert knowledge of explosives and was aware that the explosives he sold were purchased to kill people.
 
 
 8
 Because of Worthy's minimalization and rationalization of his behavior, the district court's finding that Worthy failed to display a lack of sincere remorse for his criminal conduct was not clearly erroneous. See Johnson, 953 F.2d at 1173 (district court properly denied reduction where defendant's letter purporting to accept responsibility was "perfunctory and unconvincing"); Ramos, 923 F.2d at 1360 (defendant's admissions to probation officer insufficient to establish acceptance of responsibility where he provided minimalist description of his involvement in criminal scheme, given evidence suggesting much deeper involvement). Accordingly, the district court properly denied the reduction for acceptance of responsibility.
 
 II
 Rule 32
 
 9
 Worthy also contends that the district court erred by failing to resolve disputed factual matters in the PSR. This contention has merit.
 
 
 10
 Rule 32 provides that if the defendant or his counsel alleges any factual inaccuracy in the PSR, "the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R.Crim.P. 32(c)(3)(D); United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). "If the district court fails to make the required findings or determinations, the sentence must be vacated and the defendant resentenced." Id.
 
 
 11
 Here, Worthy and his counsel challenged the factual accuracy of three matters contained in the PSR: (1) whether he lived in a compound where guns and explosives were discovered; (2) whether he was a middleman in explosives transactions between himself and the confidential informant; and (3) whether he delivered dynamite to the confidential informant. The district court did not make any finding as to the truth of the disputed matters in the PSR or state whether it would take these matters into account in sentencing Worthy. Accordingly, we vacate the sentence and remand for the district court to resentence Worthy in compliance with Rule 32. See Fernandez-Angulo, 897 F.2d at 1517.
 
 
 12
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3