26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PEOPLE OF THE TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Albert Blas CAMACHO, Defendant-Appellant.
 No. 93-10246.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 24, 1994.
 
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Albert Blas Camacho appeals the order of the District Court of Guam, Appellate Division, affirming his conviction in the Superior Court of Guam of one count of first degree criminal sexual conduct under 9 Guam Code Ann. Sec. 25.15(a)(1) and two counts of second degree criminal sexual conduct under 9 Guam Code Ann. Sec. 25.20(a)(1)-(2). Camacho argues that the court improperly allowed hearsay testimony by the victims' father that Camacho's mother and wife had said he admitted what he had done, and that his Sixth Amendment confrontation clause rights were violated. We have jurisdiction, 48 U.S.C. Sec. 1424-3(c), and we affirm Camacho's convictions.
 
 
 3
 We review admission of evidence over hearsay objection for an abuse of discretion.[1] United States v. Cowley, 720 F.2d 1037, 1040 (9th Cir.1983), cert. denied, 465 U.S. 1029 (1984). The out-of-court statement by Perez's sister (Camacho's wife) was introduced to explain why Perez had not confronted Camacho about his daughters' allegations. On cross-examination, Camacho asked Perez why he had not confronted Camacho; on redirect, the prosecutor elicited testimony from Perez that he had heard from Camacho's wife and mother that Camacho had admitted what he had done. Thus, the defense had created an impression that Perez did not confront Camacho because Perez did not believe Camacho had molested the girls and because Perez did not believe his daughters' allegations. The challenged testimony was offered to refute this impression and to explain why Perez chose not to confront Camacho. This is not a hearsay purpose.
 
 
 4
 Nor were Camacho's confrontation clause rights violated. We review de novo whether the admission of hearsay evidence violates the Confrontation Clause. United States v. George, 960 F.2d 97, 99 (9th Cir.1992). "No confrontation clause issue is raised where the statements are not offered for the truth of the matter asserted." United States v. Lujan, 936 F.2d 406, 410 (9th Cir.1991) (per curiam).
 
 
 5
 In any event, review of the entire record reveals that any error in the admission of the challenged testimony was harmless. "If hearsay testimony is admitted erroneously, the reviewing court must determine whether the error was harmless beyond a reasonable doubt." United States v. Payne, 944 F.2d 1458, 1472 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992). Both victims testified in detail about three incidents of sexual penetration and about other instances of molestation by Camacho. After several of the incidents, one of the victims had told her counselor, friends and a boyfriend that Perez had molested her. Camacho's wife testified; she denied telling Perez that Camacho had admitted what he had done. And the defense offered evidence of the victims' reputations for deceit, as well as testimony that a knee injury made it difficult for Camacho to kneel as the victims described in two incidents. We must defer to the jury's determination of credibility. United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992) (court must defer to jury's determination of credibility when presented with conflicting testimony). Based on the overwhelming evidence of guilt, admission of Perez's testimony was harmless error.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even though it is not clear that an objection was made to one of the challenged questions, we will assume review is for abuse of discretion instead of plain error