39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Lee SEAMAN, Defendant-Appellant.
 No. 94-30124.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge; GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Lee Seaman appeals his 60-month sentence imposed after he pleaded guilty to conspiracy to distribute heroin and distribution of heroin in violation of 21 U.S.C. Secs. 841(a)(1), 846. Seaman contends the district court violated the requirements of due process and Fed.R.Crim.P. 32 by failing to provide notice of and an opportunity to comment on the probation officer's confidential sentencing recommendation, on which the court relied at sentencing. He also contends the district court failed to provide an adequate statement of its reasons for imposing a sentence within the applicable sentencing range. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Fed.R.Crim.P. 32
 
 
 4
 Because Seaman objects to the district court's reliance on the probation officer's sentencing recommendation for the first time on appeal, we review this claim for plain error. See United States v. Ortiz-Lopez, 24 F.3d 53, 55 (9th Cir.1994). Plain error is "a highly prejudicial error affecting substantial rights." Id. (quotations omitted); see Fed.R.Crim.P. 52(b). "We should correct a plain error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.' " Ortiz-Lopez, 24 F.3d at 55 (quoting United States v. Olano, 113 S.Ct. 1770, 1779 (1993)).
 
 
 5
 Rule 32 requires that a defendant be given an opportunity to examine and comment on the presentence report (PSR) before the sentencing hearing. Fed.R.Crim.P. 32(c)(3). The disclosure requirement of Rule 32 does not apply to a probation officer's separate, final sentencing recommendation to the court, however. Fed.R.Crim.P. 32(c)(3)(A). "The sentencing court may adopt the factual findings of the presentence report but may not adopt conclusory statements unsupported by the facts or the Guidelines." United States v. Becerra, 992 F.2d 960, 966 (9th Cir.1993) (citing United States v. Navarro, 979 F.2d 786, 789 (9th Cir.1992)).
 
 
 6
 Here, although Rule 32 did not require the district court to disclose to Seaman the probation officer's final recommendation, at the sentencing hearing, the court read into the record a portion of that recommendation. The probation officer, referring to Seaman's history of heroin addiction and convictions for drug offenses, expressed the opinion that the relatively short sentences previously imposed on Seaman had failed to deter him from drug trafficking. The facts on which this opinion is based are set forth in the PSR. Seaman had an opportunity to review the PSR before the sentencing hearing and to challenge it; thus, he had adequate notice of and an opportunity to respond to the factual assertions relied on at sentencing. Accordingly, the district court's failure to disclose the probation officer's recommendation before the sentencing hearing did not violate the notice and disclosure requirements of Rule 32 and the due process clause, and thus did not constitute plain error. See Fed.R.Crim.P. 32(c)(3)(A); United States v. Brady, 895 F.2d 538, 542 (9th Cir.1990) (Guidelines provide satisfactory procedural safeguards to satisfy demands of due process clause).
 
 
 7
 Seaman further contends the district court erred by adopting unsupported conclusory statements contained in the probation officer's recommendation. The record does not support this assertion. The conclusions quoted by the district court are supported by the information set forth in the PSR concerning Seaman's heroin addiction and his criminal history. Because Seaman did not object to the PSR's summary of his criminal history and history of substance abuse, he conceded the accuracy of that information. See United States v. Lujan, 936 F.2d 406, 412 99th Cir.1991) (per curiam). Accordingly, the district court did not commit plain error by adopting the probation officer's conclusions. See id.; Becerra, 992 F.2d at 966-67.
 
 II
 Statement of Reasons
 
 8
 We review de novo whether the sentencing court provided an adequate statement of reasons for imposing a sentence. United States v. Duran, No. 93-30263, slip op. 12327, 12332 (9th Cir. Oct. 7, 1994). The district court must state in open court the reasons for imposing a sentence (a) at a particular point within the applicable Guideline range, if the range exceeds 24 months; or (b) outside the Guideline range. Id.; 18 U.S.C. Sec. 3553(c). "The factors which a district court must consider in determining the length of a sentence 'include individual consideration of background, character, and conduct, as well as the systemic goals of deterrence, rehabilitation, and consistency in sentencing.' " Duran, slip op. at 12333 (citation omitted).
 
 
 9
 Here, the PSR recommended a sentencing range of 97 to 121 months. The district court, however, accepted the parties' plea agreement providing for a prison term of 30 to 60 months. Because the plea agreement was made pursuant to Fed.R.Crim.P. 11(e)(1)(C), the district court was required to impose a sentence within the range provided by the agreement. See United States v. Mukai, 26 F.3d 953, 955 (9th Cir.1994). The court was authorized to depart below the 60-month statutory minimum term pursuant to U.S.S.G. Sec. 5K1.1 because the government had requested a downward departure based on substantial assistance to the authorities.
 
 
 10
 Before announcing the sentence, the court discussed Seaman's history of heroin addiction and his request for drug treatment. The court acknowledged that request by stating that the court would recommend that Seaman receive "the best possible drug treatment within the institution." The court also referred to Seaman's criminal history, which includes six adult convictions for drug-related convictions between 1968 and 1988. As discussed above, the court quoted the probation officer's comment concerning deterrence. The court then proceeded to explain its selection of a 60-month sentence:
 
 
 11
 And not only have you been involved here, but for all this length of time. But you have been addicted quite a bit of that time. And that again is terrible.
 
 
 12
 But I firmly believe, as I told [Seaman's codefendant], that I think it's necessary that if you are doing this, that you be punished for it....
 
 
 13
 And here, I think that the minimum/maximum, the 60 months,[1] is the absolute best that you could hope for, and that is the judgment of the court. That is within the plea bargain, and I think you have been given a lot of consideration to get to that number.
 
 
 14
 The record shows that the court's statement of reasons refers to the court's earlier comments on Seaman's background and conduct and his need for drug treatment. The statement also refers to the terms of the plea agreement. We conclude the district court adequately explained the selection of a sentence at the high end of the range permitted by the plea agreement. See Duran, slip op. at 12333.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sixty months is the statutory minimum and also the maximum term under the plea agreement