45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Ray FLOYD, Defendant-Appellant.
 No. 94-10166.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 28, 1994.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Ray Floyd appeals pro se the district court's denial of his motion requesting that the court amend his presentence report (PSR) to reflect findings made at the time of sentencing which resolved disputed factual sentencing issues. Floyd contends that Fed.R.Crim.P. 32(c)(3)(D) required the district court to amend the PSR to reflect these factual findings.[1] We have jurisdiction under 28 U.S.C. Sec. 1291 and reverse and remand with instructions.
 
 
 3
 Where a district court resolves disputed factual matters at sentencing, the ruling on those matters must be attached to the copy of the PSR transmitted to the Bureau of Prisons. See, e.g., United States v. Lujan, 936 F.2d 406, 410 (9th Cir.1991); United States v. Houtchens, 926 F.2d 824, 828-29 (9th Cir.1991); United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990) (en banc). The district court's failure to do so is a ministerial error correctable by motion made pursuant to Fed.R.Crim.P. 36. Doganiere v. United States, 914 F.2d 165, 169 (9th Cir.1990); United States v. Knockum, 881 F.2d 730, 732 (9th Cir.1989). Such clerical mistakes in sentencing "may be corrected by the court at any time." Fed.R.Crim.P. 36.
 
 
 4
 In his motion, Floyd did not indicate the authority under which he sought the relief, and the record does not reveal under which statute the district court considered the motion. Nonetheless, because Rule 36 was the appropriate avenue under which to make this motion, we assume that Floyd's motion was made, and considered as one made pursuant to Rule 36. Cf. United States v. Kohl, 972 F.2d 294, 296-97 (9th Cir.1992) (liberally construing pro se motion erroneously brought under Fed.R.Crim.P. 35 as one brought under 28 U.S.C. Sec. 2255).
 
 
 5
 The record reveals that Floyd made factual objections to the PSR prior to sentencing. The district court resolved those disputes on the record in Floyd's favor at the time of sentencing. It is undisputed that the district court neither appended the sentencing transcript to the copy of the PSR forwarded to the prison nor revised the PSR itself to include those factual findings.
 
 
 6
 Accordingly, we reverse the district court's denial of Floyd's Rule 36 motion and remand with instructions for the district court to append a transcript of the sentencing hearing to the PSR and forward the PSR to the Bureau of Prisons. See Bergmann, 836 F.2d at 1223; cf. Lujan, 936 F.2d at 410; Houtchens, 926 F.2d at 828-29; Fernandez-Angulo, 897 F.2d at 1517.
 
 
 7
 REVERSED and REMANDED with instructions.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We disagree with the government's characterization of the issue Floyd raises on appeal. The government argues that Floyd's motion in the district court was either a challenge to his initial sentence or a challenge to the Bureau of Prisons' determination of his custody classification. As Floyd's motion in the district court and his brief on appeal make clear, however, he seeks only to require the district court to append to his PSR the court's findings regarding disputed factual matters at sentencing