66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel MORGA, Defendant-Appellant.
 No. 94-30358.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1995.
Decided Aug. 31, 1995.
 
 Before: WRIGHT, BEEZER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appealing his conviction for distribution of cocaine, Manuel Morga raises three issues, two of which merit discussion.[1] He contends that admission of a co-conspirator's post-arrest statement was error. He also maintains that the court erred when it admitted into evidence a DEA notice of forfeiture addressed to Morga.
 
 
 3
 We review these evidentiary rulings for abuse of discretion. United States v. Brooke, 4 F.3d 1480, 1487 (9th Cir.1993). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Marquez' Statement to Detective Cortez
 
 4
 During cross-examination, defense counsel questioned Detective Cortez about his police report, which contained an account of Cortez' post-arrest interview with Marquez. Counsel asked whether Marquez had told Cortez that a Mexican male named Rorro supplied "the drugs." Cortez responded "no," but clarified that Rorro supplied one of the three kilograms. Defense counsel followed up, "[Y]ou never mentioned that to this jury, did you?"
 
 
 5
 On redirect the government asked Cortez to read Marquez' entire statement as contained in his report. Defense counsel objected: "[T]his is going into a hearsay statement." The court overruled the objection, remarking, "You read part of it. He can read the other part of it." Cortez then testified, "[Marquez] also stated that the other two kilograms of cocaine belonged to Morga." Morga argues that the court erred in admitting Marquez' statement.
 
 1. Curative Admissibility
 
 6
 Although the court did not specify the grounds for admitting the statement, its comment suggests that it was relying on the curative admissibility doctrine.[2] Under the doctrine, introduction of inadmissible evidence "allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission." United States v. Whitworth, 856 F.2d 1268, 1285 (9th Cir.1988), cert. denied, 489 U.S. 1084 (1989).
 
 
 7
 Defense counsel twice asked Cortez whether Marquez told him that Rorro supplied "the drugs." These questions arguably created the false impression that all the drugs were Rorro's and that Cortez was lying and concealing facts from the jury. By using Marquez' statement in this manner, defense counsel opened the door to the statement that Morga supplied some of the cocaine. See United States v. Parr-Pla, 549 F.2d 660, 663 (9th Cir.), cert. denied, 431 U.S. 972 (1977); United States v. Wales, 977 F.2d 1323, 1326 (9th Cir.1992).
 
 
 8
 Morga argues that even if defense counsel's tactics created a false impression, the government was not entitled to use curative admissibility to "push[ ] through the open door evidence not 'necessary to remove any unfair prejudice' created by defense counsel's tactics." United States v. Brown, 921 F.2d 1304, 1307-1308 (D.C.Cir.1990) (quoting Whitworth, 856 F.2d at 1285). We agree that the government may have taken advantage of the opportunity, but that opportunity was the product of defense counsel's gamble. The statement that came through the open door, though highly prejudicial, did no more than correct the misimpression that defense counsel went to some trouble to create. We cannot say that the court abused its discretion when it determined that admission of the remainder of Marquez' statement was necessary to rebut this false impression. Whitworth, 856 F.2d at 1285.
 
 2. Confrontation Clause
 
 9
 Morga argues that even if it was necessary to rebut a false impression he created, admitting Marquez' out-of-court statement violated the Confrontation Clause. Admission of a hearsay statement violates the Confrontation Clause if it does not fall within the ambit of a firmly rooted exception to the hearsay rule. See Idaho v. Wright, 497 U.S. 805, 816 (1990). Curative admissibility is not a firmly rooted exception. See id. at 817 (describing characteristics of firmly rooted exceptions).
 
 
 10
 The government responds that admitting the statement did not implicate the Confrontation Clause because it was offered only to repair Cortez' credibility, not for the truth of the matter asserted. United States v. Lujan, 936 F.2d 406, 410 (9th Cir.1991) (no Confrontation Clause violation if the statement is not hearsay). But the statement had two purposes: it rehabilitated Cortez, and it rebutted the false impression that Rorro supplied all of the cocaine. Because the statement could only correct that impression if it was offered for the truth of the matter asserted, it had a hearsay purpose. Admitting the statement violated the Confrontation Clause.
 
 
 11
 The Confrontation Clause problem could have been resolved, however, had Morga asked the court to instruct the jury that it could consider the statement only for rehabilitation and not for the truth of the matter asserted. Since the defense did not request a limiting instruction, we review for plain error the court's failure to give one sua sponte. Fed.R.Crim.P. 52(b); United States v. Armijo, 5 F.3d 1229, 1232 (9th Cir.1993).
 
 
 12
 We need not apply the three-pronged analysis for determining plain error set forth in United States v. Olano, 113 S.Ct. 1770, 1777 (1993). Without regard to the outcome of that analysis, we decline to exercise our discretion to reverse in this instance. Id. at 1778 (Rule 52(b) is permissive; court of appeals has authority to correct plain error but is not required to do so); see also United States v. Marder, 48 F.3d 564, 573-74 (1st Cir.) (declining to exercise discretion under Rule 52(b) without first determining whether error was plain), cert. denied, 115 S.Ct. 1441 (1995).
 
 
 13
 Any plain error here does not "seriously affect the fairness, integrity or public reputation of judicial proceedings." Olano, 113 S.Ct. at 1779. The statement in question was not central to the government's case, and substantial evidence supports Morga's conviction. No miscarriage of justice will result from affirmance of this conviction. See id.
 
 B. DEA Notice of Forfeiture
 
 14
 Morga next argues that the court erred in admitting a DEA notice of forfeiture from unrelated drug activity. At trial, the court ruled that the notice could "show identification."
 
 
 15
 We do not pass on the close question whether the notice's probative value for purposes of showing identity outweighed the risk of undue prejudice. See United States v. Gonzalez-Rincon, 36 F.3d 859, 866 (9th Cir.1994) (court of appeals can affirm an evidentiary ruling on any grounds supported by the record), cert. denied, 115 S.Ct. 1323 (1995). Rather, we hold that the notice was admissible to show knowledge and intent. Knowledge and intent were contested elements of the crimes charged, and the DEA notice, which linked Morga to drug activity, was relevant to these issues. See United States v. Jones, 982 F.2d 380, 382 (9th Cir.1982) (evidence of defendant's prior involvement in drug activity admissible under Rule 404(b) to prove knowledge and intent). There was no error.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We reject Morga's claim that the district court plainly erred when it instructed prospective jurors on the presumption of innocence and reasonable doubt. Guam v. Ignacio, 852 F.2d 459, 461 (9th Cir.1988) (error in court's opening comments was cured by correct jury instructions at close of case)
 
 
 [2]
 Both parties suggest that the court may have admitted Cortez' testimony under Fed.R.Evid. 106. Morga correctly notes that Rule 106 is inapplicable because Cortez' written report was never "introduced" on cross-examination. See Fed.R.Evid. 106