66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor NUNO-ROSALES, indicted as Victor Rosales-Nuno,
Defendant-Appellant.
 No. 94-10462.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1995.
Decided Sept. 6, 1995.
 
 Before: HALL, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Victor Nuno-Rosales ("Nuno") appeals from his conviction and sentence following a jury trial on charges of drug trafficking, arguing, inter alia, that there was a prejudicial variance between the conspiracy as charged and its proof at trial, the evidence was insufficient to convict, the district court erred by admitting into evidence coconspirator hearsay statements, and the sentence imposed was improperly calculated. We affirm the conviction but vacate the sentence and remand for resentencing.
 
 
 3
 * "A variance in proof occurs when the charging terms of the indictment are not challenged, but the evidence offered at trial proves facts materially different from those alleged in the indictment. Reversal is not required however unless the defendant shows prejudice thereby." United States v. Soto, 1 F.3d 920, 922 (9th Cir.1993) (as amended) (citations omitted). More specifically, "if the indictment charges jointly tried defendants with participation in a single conspiracy, but the evidence reveals multiple, discrete conspiracies, such a variance of proof may be so prejudicial as to require reversal. Reversal is called for if the variance between the indictment and the proof affects the substantial rights of the parties." United States v. Kenny, 645 F.2d 1323, 1334 (9th Cir.) (as amended; emphasis in original; citations and internal quotation omitted), cert. denied, 452 U.S. 920 (1981). "Thus the review of such a case involves two inquiries: was there a variance, and if so, was it prejudicial[?]" Id.
 
 
 4
 "The evidence need not be such that it excludes every hypothesis but that of a single conspiracy; rather, it is enough that the evidence adequately supports a finding that a single conspiracy exists." Id. (emphasis in original; internal citation omitted). "A single conspiracy exists, as compared with multiple conspiracies, where there is one overall agreement to perform various functions to achieve the objectives of the conspiracy." United States v. Patterson, 819 F.2d 1495, 1502 (9th Cir.1987) (internal quotation omitted). Although a "single conspiracy may involve several subagreements or subgroups of conspirators," United States v. Lujan, 936 F.2d 406, 411 (9th Cir.1991) (per curiam) (quotation omitted), and separate acts at separate times should not be confused with separate conspiracies, United States v. Smith, 790 F.2d 789, 795 (9th Cir.1986), there must be sufficient evidence that the defendants acted pursuant to one overall agreement. Kenny, 645 F.2d at 1335.
 
 
 5
 Regardless of whether Ramon Munoz ("Ramon") or Francisco Castro Jauregui ("Pancho") is viewed as the "hub" of the conspiracy "wheel," there was sufficient evidence for the jury to find that Nuno was intimately connected with both Ramon and Pancho, as well as with all aspects of the same conspiracy, as a courier "spoke." Accordingly, the district court did not err by rejecting this argument.
 
 II
 
 6
 Nuno next argues that the evidence was insufficient to show that he had joined the charged conspiracy, and that the evidence was insufficient to establish his guilt on any of the substantive counts, based on a theory of aiding and abetting the possession and distribution of drugs. The government correctly points out, however, that Nuno's conviction on all substantive counts can be upheld solely on the basis of Pinkerton liability. See Pinkerton v. United States, 328 U.S. 640 (1946). Viewing the evidence in the light most favorable to the prosecution, we conclude that the district court did not err by denying Nuno's motions for judgment of acquittal with respect to Counts II and III, and that sufficient evidence exists to uphold his conviction on Counts V, VI, and IX as well.
 
 III
 
 7
 Nuno also contends that the district court erred by admitting into evidence certain hearsay statements concerning him that were made by Pancho, Ramon, and Carlos Rios-Hernandez ("Carlos") during and immediately after Ramon's five-month incarceration in Illinois. We reject this argument.
 
 
 8
 A coconspirator's statements made "in furtherance" of a conspiracy generally fall within the ambit of Fed.R.Evid. 801(d)(2)(E) as an exception to the hearsay rule. As we explained in United States v. Yarbrough, 852 F.2d 1522 (9th Cir.), cert. denied, 488 U.S. 866 (1988):
 
 
 9
 Statements made to induce enlistment or further participation in the group's activities are considered to be "in furtherance" of the conspiracy. Likewise, statements made to prompt further action on the part of conspirators are admissible under 801(d)(2)(E), as are those made to "reassure" members of a conspiracy's continued existence. Statements made to allay a coconspirator's fears are admissible. Most importantly, statements made to keep coconspirators abreast of an ongoing conspiracy's activities satisfy the "in furtherance" of [sic] requirement.
 
 
 10
 Yarbrough, 852 F.2d at 1535-36 (internal citations omitted).
 
 
 11
 The government argued, and the district court held, that the conversations between and among Pancho, Ramon, and Carlos were made "in furtherance" of the conspiracy, because they served to reassure each other, and Ramon in particular, of the conspiracy's continued existence, allayed any fears Ramon might have had on that score, and were made to keep each of them abreast of their respective drug dealing activities. Notwithstanding Ramon's admission that the conversations at issue were little more than "idle chit-chat," even Nuno concedes that there was independent evidence of his historical membership in the marijuana conspiracy, and that the charged conspiracy was ongoing when the statement was made.
 
 
 12
 Under the circumstances, it cannot be said that the district court abused its discretion by admitting the coconspirators' statements into evidence.
 
 IV
 
 13
 Nuno finally contends that the district court erred by calculating his base offense level at 32, as the result of its determination of the amount and type of drugs involved. The Sentencing Guidelines provide for a mandatory minimum base offense level of 32 for conspiring to traffic in at least 1 kg, but less than 3 kg, of methamphetamine. U.S.S.G. Secs. 2D1.1(a)(3), 2D1.1(c) (Drug Quantity Table). While Nuno readily concedes that this is the appropriate level to be applied to Pancho and Carlos, he argues that, at worst, he should be subject to no more than a 16-point base offense level for his participation in the conspiracy, as he was only involved with a relatively small amount of marijuana.
 
 
 14
 While the evidence of Nuno's long-standing relationship as a courier for his drug-dealing brother-in-law and neighbor, Pancho, was sufficient to support his conspiracy conviction, the district court was required to make specific findings at sentencing with respect to the methamphetamine involved. In the absence of such findings, we must remand in order for the district court to determine (1) whether Nuno could have reasonably foreseen the distribution of the methamphetamine, and (2) whether the methamphetamine was within the scope of his agreement as a coconspirator. See United States v. Castaneda, 9 F.3d 761, 769-70 (9th Cir.1993) (as amended) (citing United States v. Petty, 992 F.2d 887, 890 (9th Cir.1993)), cert. denied, 114 S.Ct. 1564 (1994).
 
 
 15
 AFFIRMED in part, VACATED in part, and REMANDED for resentencing.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3