**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Efrain TRIGUERAS, Defendant—
Appellant.**

No. 02–10000.
D.C. No. CR–01–00315–SRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2003.

Decided July 23, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

628

Before B. FLETCHER, KOZINSKI, and TROTT, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Efrain Trigueras was convicted by a jury of knowingly and intentionally importing, and attempting to import, more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 952(a). He was sentenced to seventy-eight months' incarceration and four years' supervised release. Trigueras now appeals his conviction, claiming that the district court abused its discretion in allowing portions

of his trial testimony to be read back to the jury, and that it also erred in not issuing a limiting instruction along with the readback.

Because Trigueras did not object to the readback at trial, we review for plain error only. Fed.R.Crim.P. 52(b); *United States v. Kessi*, 868 F.2d 1097, 1107 (9th Cir.1989). In light of the "particular facts and circumstances of [this] case," *United States v. Binder*, 769 F.2d 595, 600 (9th Cir.1985), *overruled in part on other grounds by United States v. Morales*, 108 F.3d 1031 (9th Cir.1997), and the other evidence against Trigueras, we cannot conclude that the readback resulted in the jury's placing undue emphasis on the testimony they reheard—particularly in light of the fact that the testimony was Trigueras's own.

Nor do we find that *United States v. Lujan*, 936 F.2d 406, 411–12 (9th Cir.1991), compels a different result. *Lujan* addressed a situation where trial transcripts were furnished directly to the jury, an approach that we have found to be more problematic than that followed here: a readback in open court in the presence of the defendant and counsel. *E.g., United States v. Sacco*, 869 F.2d 499, 502 (9th Cir.1989); *Binder*, 769 F.2d at 601 n. 1.

We agree with the appellant that the district court's handling of the readback was not ideal. At the very least, a limiting instruction to the jury would have been appropriate. However, because the defendant did not object at trial, the standard for reversible error is plain error. There is no plain error here.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.